THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GERALD ALLAN SHERMAN, Defendant-Appellant.

Third District    No. 81-285

Opinion filed November 24, 1981.

Robert Agostinelli and G. Joseph Weller, both of State Appellate Defender's Office, of Ottawa, for appellant.

Bruce W. Black, State's Attorney, of Pekin (John X. Breslin and Rita F. Kennedy, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

The defendant, Gerald Allan Sherman, appeals from the order of the Circuit Court of Tazewell County dismissing his petition for post-conviction relief without his presence and without an evidentiary hearing.

In 1978, the defendant was found guilty of robbery and theft following a jury trial. He subsequently received a concurrent 5-year term of imprisonment for each offense. He directly appealed, and this court affirmed the robbery conviction, vacated the theft conviction, and affirmed the sentencing order. (*People v. Sherman* (1980), 87 Ill. App. 3d 937, 409 N.E.2d 486.) Thereafter, he filed this instant petition for post-conviction relief, claiming that his retained trial counsel, Robert H. Jones, had rendered ineffective assistance of counsel and that the record did not contain the alleged error. The defendant also asked the court to appoint counsel who would more competently present the alleged constitutional violation in an amended petition. After appointing two attorneys who were forced to withdraw because of conflicts of interest, the court finally appointed attorney Michael Bush.

Contrary to the defendant's desires, though, Bush failed to file an amended post-conviction petition. Instead, he moved to withdraw, saying he was unable to discover a basis for relief. In his verified motion, Bush maintained that (1) his motion was not intended to prejudice the defendant in any future post-conviction proceeding and that (2) the motion should not be interpreted by the court to mean that no basis for post-conviction relief existed, but only that the defendant's appointed counsel failed to discern any basis to support the alleged constitutional violation. The record contains no reference showing that Bush notified his client of his decision to withdraw.

Without the defendant being present, the court heard Bush's motion to withdraw. Bush first said he thoroughly reviewed the entire record of the defendant's trial, having specifically focused on the defendant's allegation that his retained counsel had rendered ineffective assistance. He then wrote the defendant pursuant to Supreme Court Rule 651(c) (Ill. Rev. Stat. 1979, ch. 110A, par. 651(c)) and asked him to detail the basis of his claim. In his reply, the defendant failed to reveal any specific basis amounting to ineffective assistance and instead asserted that he had been denied due process of law. Bush assumed from this letter that the defendant no longer wished to base his post-conviction petition on his retained counsel's alleged ineffectiveness. Nevertheless, Bush researched the issue. He concluded that, because the standard for establishing ineffective assistance of retained counsel was that the representation must be so ineffective as to amount to no representation at all, the defendant could not sustain that burden of proof. With respect to the defendant's claimed violation of due process, Bush said he also researched that issue and concluded that, in order for the defendant to prevail, he would have to prove that no rational jury could have found him guilty beyond a reasonable doubt. In Bush's opinion, the prosecution submitted sufficient

proof of all elements of the offense as charged, leaving only a question of credibility among the witnesses. Bush believed the defendant could not sustain this burden in light of the evidence. Bush made no mention of whether he explored outside the record for possible constitutional errors, as the defendant claimed in his petition. Following Bush's statement, the prosecution orally moved to dismiss the defendant's petition, stating that in light of the facts presented by Bush the allegations of constitutional error were without merit. The circuit court then waived the defendant's presence in court, granted Bush's motion to withdraw, and granted the prosecution's oral motion to dismiss the defendant's petition without the benefit of an evidentiary hearing.

Although the defendant has presented several issues for review, we vacate the circuit court's order on the ground that the defendant failed to receive notice of either his counsel's motion to withdraw or the prosecution's motion to dismiss the petition. Ordinarily, it would be inconceivable that counsel would fail to inform his client of counsel's motion to withdraw. Yet, according to Supreme Court Rule 651, appointed counsel to post-conviction proceedings must confer with his client, who is usually incarcerated, only to the extent necessary to ascertain the sufficiency of the defendant's claims of constitutional violations. In this respect, appointment of counsel in post-conviction proceedings is *sui generis*. We simply cannot assume, as a matter of course, that Bush informed the defendant of counsel's motion to withdraw, nor does the record contain any evidence to the contrary. The failure to adequately notify the defendant of this motion and to give him sufficient time to respond thereto resulted in effectively depriving him of any representation at the hearing which ultimately ended in the dismissal of his petition.

Judging from Bush's actions following his motion to withdraw, we are convinced that he considered his representation of the defendant to have been terminated then and that his duty to vigorously represent the defendant's best interest was contingent upon the court's denial of his motion. Although counsel's motion specifically admonished the court not to infer from the motion that the defendant's claims were without merit, counsel unequivocally said before the court that the defendant's rights to effective assistance and due process of law had not been violated. His conclusion was based in part upon a single, ambiguous letter which the defendant wrote in response to counsel's inquiries. At this moment of the hearing, the defendant, who was not present, stood without representation and without having even an opportunity to rebut *pro se* his appointed counsel's claims. This lack of representation is made clearer when, following Bush's statement, the prosecution moved to dismiss the defendant's petition on the very grounds offered by Bush in his motion to withdraw.

Of course, Bush could raise no objections. As such the court could hardly do anything but grant both motions, the notice of which the defendant must have received to his surprise and dismay.

Accordingly, we hold that, because of the nature of the proceedings and because of counsel's separation of his interests from those of the defendant by virtue of his motion to withdraw, the defendant was entitled to adequate notice of counsel's motion to withdraw and the prosecution's motion to dismiss in order to allow the defendant to respond *pro se*.

For this reason, we vacate the order of the Circuit Court of Tazewell County and remand for further proceedings consistent with the opinions therein expressed.

Vacated and remanded.

ALLOY and HEIPLE, JJ., concur.