# Illinois Official Reports

## Appellate Court

---

### *People v. Elken*, 2014 IL App (3d) 120580

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANDRES M. ELKEN, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-12-0580 |
| Rule 23 Order filed<br>Motion to publish<br>allowed<br>Opinion filed | May 1, 2014<br><br>June 4, 2014<br>June 4, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The dismissal of defendant's successive postconviction petition at the second stage of the proceedings was reversed and the cause was remanded to the trial court, since defendant was deprived of any representation at the second-stage hearing when his postconviction counsel appeared with defendant at the hearing, without filing a motion to withdraw or notifying defendant that he intended to withdraw, and told the court that defendant's petition was without merit, and under those circumstances, the appropriate relief was to allow defendant's appointed counsel to file a motion to withdraw with notice to defendant and give defendant an opportunity to prepare and present his arguments against the motion. |
| Decision Under Review | Appeal from the Circuit Court of Henry County, No. 95-CF-318-2; the Hon. Larry S. Vandersnick and the Hon. Charles H. Stengel, Judges, presiding. |
| Judgment | Reversed and remanded. |

Counsel on Appeal

Bryon Kohut (argued), of State Appellate Defender's Office, of Ottawa, for appellant.

Terence M. Patton, State's Attorney, of Cambridge (Dawn D. Duffy (argued), of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE SCHMIDT delivered the judgment of the court, with opinion.
Justices Holdridge and McDade concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant, Andres M. Elken, appeals the Henry County circuit court's dismissal of his second-stage successive postconviction petition. Following the dismissal, defendant filed a motion to reconsider on May 29, 2012. The trial court denied that motion.

¶ 2    Defendant alleges that the trial court erred in allowing appointed postconviction counsel to withdraw at the second stage of the proceedings, where defendant was not given notice of counsel's intent to withdraw and was denied the opportunity to be heard on the motion or the dismissal of his petition.

¶ 3    We reverse and remand.

¶ 4                                      BACKGROUND

¶ 5    This case involves a rather tortured procedural process that involves two direct appeals and successive postconviction petitions. We include only those facts necessary for an understanding of the dismissal of defendant's successive postconviction petition.

¶ 6    On November 7, 1995, defendant (along with five other codefendants) was charged by information with controlled substance trafficking, unlawful possession of a controlled substance with intent to deliver, and unlawful possession of a controlled substance. These charges stemmed from the discovery of over 500,000 grams of cocaine, following a routine traffic stop on Interstate 80. At trial, defendant moved to suppress the evidence found in the recreational vehicle. He argued that he did not understand English to the point that he could knowingly and voluntarily consent to the search, and he was unnecessarily detained for 40 minutes while the officer waited for the canine unit to arrive. The trial court denied defendant's motion to suppress and the matter proceeded to a bench trial.

¶ 7    Following the trial, the trial court found defendant guilty of the charged offenses and sentenced defendant to 110 years on the trafficking offense. The court also imposed a $63 million street value fine.

¶ 8        On direct appeal, defendant raised issues pertaining to the motion to suppress and the sentence imposed. This court affirmed the conviction, remanded the matter for a new sentencing hearing, and ordered the trial court to apply a $5-per-day presentence incarceration credit toward the fine. See *People v. Elken*, 309 Ill. App. 3d 1092 (2000) (table) (unpublished order under Supreme Court Rule 23).

¶ 9        On remand, the court resentenced defendant to 75 years' imprisonment, reordered the $63 million street value fine, and gave defendant a $1,660 presentence incarceration credit. Defendant did not file a notice of appeal from this judgment.

¶ 10       While the direct appeal was pending, appellate counsel contemporaneously filed a petition for relief from judgment, pursuant to section 2-1401 of the Illinois Code of Civil Procedure (735 ILCS 5/2-1401 (West 2008)), and a postconviction petition on defendant's behalf. Those petitions alleged a violation of the Vienna Convention and that Trooper Blanks gave perjured testimony when he stated he did not look for out-of-state license plates or Hispanic drivers as indicators of drug trafficking activity. The State filed motions to dismiss on both motions, which the trial court granted.

¶ 11       Defendant appealed the dismissals, arguing the same issues set forth in his petitions. This court affirmed. See *People v. Elken-Montoya*, 329 Ill. App. 3d 1246 (2002) (table) (unpublished order under Supreme Court Rule 23).

¶ 12       On May 4, 2006, defendant filed a *pro se* postconviction petition. He argued that "his culpable negligence should be excused" because the same attorney who handled his direct appeal also filed his first postconviction petition. Substantively, defendant alleged: (1) that he was not advised of his rights under the Vienna Convention; (2) that Trooper Blanks committed perjury during the preliminary hearing where he testified that 274 bricks containing over 1,000 pounds of cocaine, where only 2.5 pounds of the substance had been tested prior to the hearing; (3) that trial counsel was ineffective for stipulating to the lab report and chain of custody without sufficiently consulting with defendant; and (4) that appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness.

¶ 13       On May 18, 2006, the trial court appointed E. Stockton as counsel for defendant.

¶ 14       On July 18, 2006, defendant filed a *pro se* motion, seeking leave to file the postconviction petition and a supplement to the petition. In this motion, defendant alleged that he had not raised the instant claims in his first postconviction petition because the same attorney represented him on direct appeal and on his first petition. Defendant also raised an additional substantive claim, alleging that the probable cause hearing was not held within 30 days of his arrest.

¶ 15       On September 5, 2006, Stockton filed a motion for leave to file a successive postconviction petition with an additional issue. Counsel copied defendant's *pro se* filing, making the same allegations of cause and prejudice as an exception to the single postconviction petition rule presented in the July 18 filing. On January 16, 2007, the State filed a motion to dismiss defendant's second petition and his additional issue.

¶ 16       On March 23, 2007, the circuit court, Judge Vandersnick presiding, held a hearing on defendant's motion for leave to file. The court allowed defendant leave to file, finding the petition was not frivolous insofar as defendant may have had a meritorious argument for ineffective assistance of appellate counsel. Defendant was granted leave to file an amended

petition, and the State was accordingly granted time to respond. The trial court also found that the State's motion to dismiss was premature and reserved.

¶ 17    Stockton subsequently withdrew. On April 4, 2007, the court appointed S. Clemens to represent defendant. On April 16, 2007, defendant filed a *pro se* motion to supplement his petition, claiming that the statute under which he was convicted was void as violative of the single subject rule. On October 5, 2007, defendant filed a *pro se* petition for *habeas corpus* relief based on the same alleged single subject violation raised in his supplement to the postconviction petition. A docket entry on the chronological case summary shows that defendant's *habeas corpus* petition was denied on November 27, 2007, but stated that counsel could amend the postconviction petition to include the issue.

¶ 18    On January 28, 2010, the trial court, Judge Stengel presiding, conducted a hearing on defendant's *pro se* motion for new counsel, defendant's renewed *pro se* motion for new counsel, defendant's second *habeas corpus* petition for immediate release, and defendant's *pro se* motion regarding the unconstitutionality of Public Act 89-404 (eff. Aug. 20, 1995) (declared unconstitutional by *People v. Reedy*, 186 Ill. 2d 1 (1999)). The trial court denied defendant's motions for new counsel and found defendant's second *habeas corpus* petition was *res judicata*. Attorney Clemens asked the court to defer ruling on defendant's motion regarding Public Act 89-404 so that he could conduct additional research; though, he stated that he believed the Act did not amend or deal with section 401.1 of the Illinois Controlled Substances Act (720 ILCS 570/401.1 (West 2012)), which defendant was sentenced under. Clemens also requested additional time to focus his efforts on defendant's arguments regarding ineffective assistance of appellate counsel. The trial court granted the continuance.

¶ 19    On May 8, 2012, the trial court held a hearing on defendant's second postconviction petition and the *pro se* supplement thereto. Without any argument from the State on its reserved motion to withdraw, Clemens informed the court that defendant's postconviction petition had no merit. Clemens stated that while Public Act 89-404 was declared unconstitutional, it did not amend nor deal with section 401.1 of the Illinois Controlled Substances Act (720 ILCS 570/401.1 (West 2012)) under which defendant was charged. He stated that both the perjury claim and the alleged Vienna Convention violation were barred by *res judicata*. Clemens stated that the issue relating to the stipulation of chain of custody had no merit. He also stated that the allegation of ineffective assistance of defendant's counsel for failing to file a notice of appeal following resentencing on remand was without merit. Clemens spoke with defendant's counsel on remand, who told Clemens that defendant never requested that he appeal the matter. Clemens also noted that one reason Judge Vandersnick allowed defendant leave to file a successive postconviction petition was his claim that appellate counsel was ineffective for filing a postconviction petition and a petition for relief under section 2-1401, while the direct appeal was pending. Clemens opined that under *Strickland v. Washington*, 466 U.S. 668 (1984) and its progeny, there was nothing to suggest that appellate counsel, who did all three of these things, was ineffective. Finally, Clemens stated that defendant's desired attack against the public act creating the Class X sentencing range also had no merit.

¶ 20    The record reveals that at no time before or after this colloquy with the court did Clemens move to withdraw, either orally or via a written motion. Nor is there any evidence that Clemens informed defendant of his intention to withdraw.

¶ 21     The trial court then dismissed defendant's successive postconviction petition "based upon arguments of defense counsel." The State did not renew its motion to dismiss or make any arguments thereon. There was no mention of allowing Clemens to withdraw; the petition was simply dismissed based upon his assertions. The trial court informed defendant he had the right to appeal.

¶ 22     On May 29, 2012, defendant filed a motion to reconsider the orders allowing counsel to withdraw and dismissing his successive postconviction petition. The court heard the motion on July 9, 2012. Defendant stated that he had not known his attorney was going to move to withdraw. Defendant further stated he had not been allowed to go to the prison library and he had not had the opportunity to prepare "for things." He requested a 60-day continuance and asked the court to order Clemens to turn over his case file so that he could raise additional issues.

¶ 23     The court denied defendant's request that Clemens turn over his file. The court further denied defendant's motion to reconsider dismissal of the postconviction petition and the order allowing counsel to withdraw.

¶ 24     This appeal followed.

¶ 25                                    ANALYSIS

¶ 26     Defendant contends that the trial court erred in allowing counsel to withdraw at the second stage of postconviction proceedings when counsel had not provided defendant notice of intent to withdraw, and in dismissing defendant's postconviction petition based solely on counsel's assertions in support of his motion to withdraw.

¶ 27     It is important to note at the outset the rather unorthodox procedure followed at the May 8, 2012, hearing on defendant's successive postconviction petition. Defendant's second appointed counsel, S. Clemens, never actually filed a motion to withdraw, nor did he orally request to withdraw on the record. A review of the transcript for this hearing also indicates that the court never "allowed" counsel to withdraw, but it did dismiss the petition following the hearing.

¶ 28     Under the provisions of the Illinois Post-Conviction Hearing Act (725 ILCS 5/122-1 (West 2012)), an indigent defendant, who has not been sentenced to death, is not automatically entitled to appointment of counsel. The source of the right to counsel in a postconviction matter is statutory rather than constitutional, and the Act does not provide for appointment of counsel unless an indigent defendant's petition survives the first stage of postconviction proceedings. *People v. McNeal*, 194 Ill. 2d 135, 142 (2000); 725 ILCS 5/122-2.1, 122-4 (West 2012). At the first stage, the circuit court, within 90 days, must review the defendant's petition and independently determine whether it is frivolous or patently without merit. *People v. Johnson*, 401 Ill. App. 3d 685 (2010). If the court determines the petition is without merit, the petition must be dismissed. 725 ILCS 5/122-2.1(a)(2) (West 2012). "It is only after a defendant's petition has been found to set forth the gist of a meritorious claim, *or* the court fails to take any action on the petition within 90 days of filing, that the process advances to second-stage proceedings and counsel is appointed." (Emphasis in original.) *People v. Greer*, 212 Ill. 2d 192, 204 (2004); 725 ILCS 5/122-2.1, 122-4 (West 2012).

¶ 29     At the second stage of the postconviction process, as is the case here, the circuit court must determine whether the petition and any accompanying documentation make a substantial

showing of a constitutional violation. *People v. Coleman*, 183 Ill. 2d 366, 381 (1998). Appointed counsel may seek leave to file an amended petition. *People v. Blair*, 215 Ill. 2d 427, 458 (2005); 725 ILCS 5/122-5 (West 2012). At the second stage, the State is required to either answer the pleading or move to dismiss. *People v. Morris*, 335 Ill. App. 3d 70, 76 (2002). "In determining whether to grant an evidentiary hearing, all well-pleaded facts in the petition and in accompanying affidavits are taken as true." *People v. Orange*, 195 Ill. 2d 437, 448 (2001). If no constitutional violation is shown, the petition is dismissed. *People v. Tate*, 2012 IL 112214, ¶ 12. The denial of a postconviction petition without an evidentiary hearing is reviewed *de novo*. *People v. Marshall*, 381 Ill. App. 3d 724, 730 (2008).

¶ 30 In this instance, where counsel's actions at the second stage of representation are called into question, *People v. Greer*, 212 Ill. 2d 192 (2004), is instructive. In *Greer*, our supreme court addressed the obligations of appointed postconviction counsel and the consequences thereof pursuant to Illinois Supreme Court Rule 651(c) (eff. Dec. 1, 1984). Rule 651(c) requires that the record in postconviction proceedings demonstrate that appointed counsel " 'has consulted with petitioner either by mail or in person to ascertain his contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions.' " *Greer*, 212 Ill. 2d at 205 (quoting Ill. S. Ct. R. 651(c) (eff. Dec. 1, 1984)). "Fulfillment of the third obligation under Rule 651(c) does not require postconviction counsel to advance frivolous or spurious claims on defendant's behalf. If amendments to a *pro se* postconviction petition would only further a frivolous or patently nonmeritorious claim, they are not 'necessary' within the meaning of the rule. Moreover, the mere filing of an amended petition by counsel under such circumstances would appear to violate the proscriptions of Supreme Court Rule 137 [citation]." *Id*. Thus, an attorney, like Clemens in this case, who determines that defendant's claims are meritless, cannot in good faith file an amended petition on behalf of defendant. *Id*.

¶ 31 The *Greer* court's most relevant inquiry to the case at bar is as follows:

"What is defense counsel to do after he or she determines that defendant's petition is frivolous? Is counsel to stand mute at all subsequent proceedings? How can counsel, ethically, 'present the petitioner's contentions' when counsel *knows* those contentions are frivolous? Obviously, the answer is counsel cannot." (Emphasis in original.) *Id*. at 206.

¶ 32 Here, Clemens' research led him to the conclusion that defendant's petition lacked merit and defendant makes no allegation that Clemens failed to comply with Rule 651(c). However, Clemens filed no motion to withdraw and gave no notice to defendant of his intent to withdraw. He simply stood up at the hearing and stated that defendant's contentions had no merit. That is the key distinction that warrants reversal.

¶ 33 In *People v. Sherman*, 101 Ill. App. 3d 1131 (1981), the defendant filed a postconviction petition that the circuit court advanced to the second stage. Counsel was appointed to represent him. Without notifying the defendant, counsel filed a motion to withdraw indicating that he was unable to discover a basis for relief. *Id*. at 1132. Absent defendant's presence, the court heard counsel's motion. *Id*. at 1132-33. Following counsel's arguments, the circuit court allowed the State's oral motion to dismiss based upon counsel's assertions in his motion to withdraw. *Id*. at 1133.

¶ 34    This court found that counsel's failure to notify the defendant of his motion to withdraw and the circuit court's failure to give the defendant an opportunity to respond effectively deprived him of any representation at the hearing. *Id*. Defendant was entitled to adequate notice of counsel's motion to withdraw and the State's motion to dismiss in order to allow the defendant an opportunity to respond; this court accordingly remanded the matter for further proceedings. *Id*. at 1134.

¶ 35    Defendant in this case was present for the hearing. As a layperson, he cannot be expected to jump up at a hearing and voice his objections while his attorney is actively arguing against his interests. We do acknowledge, however, that had Clemens filed a motion to withdraw prior to the May 8 hearing, our analysis would change accordingly. Defendant did not allege that Clemens failed to comply with Rule 651(c), and Clemens' actions are clearly acceptable, even necessary, under *Greer*. Indeed, Clemens could not have filed an amended petition to advance defendant's contentions if his research found them to be frivolous without contravening Rule 137.

¶ 36    Moreover, in *Sherman* and *People v. Shortridge*, 2012 IL App (4th) 100663, upon which the defendant relied heavily, the respective courts stated that counsel unequivocally argued against defendant's interests (*Sherman*, 101 Ill. App. 3d at 1133) and if appointed counsel finds that a defendant's claims are frivolous, counsel's obligation is to seek to withdraw as counsel, not to confess the State's motion to dismiss. *Shortridge*, 2012 IL App (4th) 100663, ¶¶ 13-14. If counsel finds that defendant's contentions are frivolous or patently without merit at the second stage, he cannot in good faith continue, so he must file a motion to withdraw. If he files a motion to withdraw, he must give his reasons for doing so. He is then, in essence, "confessing" that the defendant has no viable arguments and is, in essence, agreeing that the petition should be dismissed. Our point is only that the confession is not necessarily wrong, but defendant should be afforded the opportunity to prepare for such an attack on his petition and to make any arguments in rebuttal. He was denied that opportunity here. The appropriate procedure under these circumstances would be for appointed counsel to file a motion to withdraw, giving defendant notice of the same. This allows defendant to prepare to argue against appointed counsel's motion. It further obviates any opportunity for a defendant to argue that he was blindsided by his appointed counsel's arguments.

¶ 37    Accordingly, this case is remanded to the circuit court of Henry County for further proceedings on the defendant's second-stage postconviction petition.

¶ 38                                                    CONCLUSION

¶ 39    For the foregoing reasons, the judgment of the circuit court of Henry County is reversed and remanded.

¶ 40    Reversed and remanded.