# Illinois Official Reports

## Appellate Court

*People v. Jackson*, 2015 IL App (3d) 130575

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JARVIS JACKSON, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-13-0575 |
| Filed<br>Modified upon<br>denial of rehearing | December 28, 2015<br><br>June 14, 2016 |
| Decision Under Review | Appeal from the Circuit Court of Peoria County, No. 01-CF-17; the Hon. Stephen Kouri, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Michael J. Pelletier and Pamela Rubeo (argued), both of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Jerry Brady, State's Attorney, of Peoria (Robert M. Hansen (argued), of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE LYTTON delivered the judgment of the court, with opinion.<br>Justice Holdridge concurred in the judgment and opinion.<br>Justice Schmidt dissented, with opinion. |

¶ 1    Defendant Jarvis Jackson pled guilty to two counts of first degree murder in exchange for a sentence of natural life in prison. Five years later, he filed a postconviction petition, which the trial court dismissed. Three years after that, defendant filed a motion for leave to file a successive postconviction petition, which the trial court granted. Defendant's postconviction counsel filed a motion to withdraw and dismiss defendant's successive postconviction petition. The trial court granted the motion. Defendant appeals the dismissal of his successive postconviction petition. We reverse and remand.

¶ 2                                             FACTS

¶ 3    In January 2001, defendant was charged with two counts of first degree murder for killing Bertha Diaz and Michael Douglas. Defendant initially told police that he was present during the murders of Diaz and Douglas but that Dwaine Johns fired the shots that killed them. Two days later, defendant admitted to police that he fired the fatal shots. Defendant's confession was videotaped. Defendant later filed a motion to suppress the statements that he made to police, but the trial court denied the motion.

¶ 4    In March 2001, defendant pled guilty to two counts of first degree murder in exchange for a sentence of natural life in prison. He admitted that he shot and killed Diaz and Douglas. Five years later, defendant filed a motion to withdraw his guilty plea, which the trial court denied. Defendant appealed, and we dismissed his appeal for lack of jurisdiction.

¶ 5    In July 2006, defendant filed a *pro se* postconviction petition, arguing ineffective assistance of counsel and actual innocence based on newly discovered evidence. Attached to his petition were unnotarized affidavits from himself and Johns, claiming that their statements to police were false. He also included copies of grand jury transcripts and a photographic lineup in which Douglas' five-year-old son identified someone other than defendant as the shooter.

¶ 6    In August 2006, the court summarily dismissed defendant's postconviction petition. Defendant filed a motion to reconsider, which the trial court denied. Defendant then appealed. We affirmed the trial court's dismissal, finding that (1) defendant's and Johns' written statements were not affidavits because they were not notarized, (2) the remaining evidence defendant presented was not "newly discovered," and (3) defendant's ineffective assistance claim was rebutted by the record, which included defendant's videotaped confession. *People v. Jarvis*, No. 3-06-0702 (2008) (unpublished order under Supreme Court Rule 23).

¶ 7    In July 2009, defendant filed a motion for leave to file a successive postconviction petition, arguing that prison policy prevented his and Johns' affidavits from being notarized. He also asserted that he was denied effective assistance of counsel. Attached to the motion were grand jury transcripts, police reports, wire tap transcripts, and new notarized affidavits from himself and Johns. The trial court granted defendant's motion, and postconviction counsel was appointed to represent defendant.

¶ 8    From April 2010 to October 2012, defendant wrote many letters to the court and filed many *pro se* motions, complaining about postconviction counsel's lack of attention and requesting new counsel. Defendant also filed a complaint with the Illinois Attorney Registration and

Disciplinary Commission against his postconviction counsel. The State moved to strike all of defendant's *pro se* filings because defendant was represented by counsel.

¶ 9 In November 2012, defendant's postconviction counsel filed a certificate pursuant to Illinois Supreme Court Rule 651(c) (eff. Apr. 26, 2012), as well as a "Motion to Dismiss/Leave to Withdraw." According to counsel's motion, defendant's trial counsel was not ineffective for advising defendant to plead guilty based on the evidence against him, defendant's actual innocence claim lacked merit, and none of the material attached to defendant's petition constituted newly discovered evidence. The motion sought dismissal of defendant's petition and permission for postconviction counsel to withdraw.

¶ 10 A hearing was held on counsel's motion. Defendant was present and informed the court that he had spoken to postconviction counsel only two times. The court asked the prosecutor if the State had a position regarding the motion. The prosecutor responded that the motion was "exceptionally well taken" given that defendant pled guilty, confessed on video and implicated himself at Johns' trial. The prosecutor further stated: "I would ask that the Court rule on [postconviction counsel's] Motion to Dismiss, because I don't see any merit whatsoever in anything [defendant has] filed."

¶ 11 The court granted counsel's motion to withdraw and took "all other matters *** under advisement." Thereafter, the trial court entered an order dismissing defendant's successive postconviction petition.

¶ 12                                                    ANALYSIS

¶ 13 A postconviction proceeding is a collateral proceeding that allows review of constitutional issues that were not, and could not have been, adjudicated on direct appeal. *People v. Ortiz*, 235 Ill. 2d 319, 328 (2009). The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2010)) generally contemplates the filing of only one postconviction petition. *Ortiz*, 235 Ill. 2d at 328. However, a defendant may seek leave of court to file a successive postconviction petition. 725 ILCS 5/122-1(f) (West 2010). Obtaining leave of court is a condition precedent to filing a successive postconviction petition. *People v. Simmons*, 388 Ill. App. 3d 599, 605 (2009).

¶ 14 When a defendant is granted leave to file a successive postconviction petition, the petition is effectively advanced to the second stage of postconviction proceedings. See *People v. Wrice*, 2012 IL 111860, ¶ 90; *People v. Almodovar*, 2013 IL App (1st) 101476, ¶ 81. Section 122-5 of the Act governs proceedings at the second stage and provides in pertinent part as follows:

> "Within 30 days *** the State shall answer or move to dismiss. In the event that a motion to dismiss is filed and denied, the State must file an answer within 20 days after such denial. No other or further pleadings shall be filed except as the court may order on its own motion or on that of either party." 725 ILCS 5/122-5 (West 2010).

¶ 15 The Act requires that the State "move to dismiss" the postconviction petition. *Id*. Since the Act does not define the word "move," we look to a dictionary to determine its ordinary and popularly understood meaning. See *Commonwealth Edison Co. v. Illinois Commerce Comm'n*, 2014 IL App (1st) 132011, ¶ 33. According to Black's Law Dictionary, "move" means "[t]o make an application (to a court) for a ruling, order, or some other judicial action." Black's Law Dictionary 1035 (7th ed. 1999).

¶ 16    Postconviction defense counsel may not argue against a client's interests by seeking dismissal of a defendant's postconviction petition. See *People v. Shortridge*, 2012 IL App (4th) 100663, ¶ 15; *People v. Sherman*, 101 Ill. App. 3d 1131, 1133-34 (1981). If appointed postconviction counsel believes that a client's postconviction petition is frivolous and patently without merit, then counsel should file a motion to withdraw as counsel, rather than seek dismissal of the petition. *People v. Elken*, 2014 IL App (3d) 120580, ¶ 36.

¶ 17    Postconviction counsel's motion to withdraw must explain why each of the petitioner's claims is frivolous or patently without merit. *People v. Kuehner*, 2015 IL 117695, ¶ 21. When the trial court grants a motion to withdraw, the court may appoint new counsel or allow the defendant to proceed *pro se*. *Shortridge*, 2012 IL App (4th) 100663, ¶ 15. However, if a trial court grants a motion to withdraw after the postconviction petition had advanced to the second state of postconviction proceedings and counsel fails to explain why all of the claims are frivolous or patently without merit, the proper remedy is to reverse and appoint new postconviction counsel on remand. See *Keuhner*, 2015 IL 117695, ¶ 25.

¶ 18    It is improper for a trial court to dismiss a postconviction petition simply because postconviction counsel has been allowed to withdraw as counsel. See *People v. Thomas*, 2013 IL App (2d) 120646, ¶¶ 3, 8; *People v. Greer*, 341 Ill. App. 3d 906, 910 (2003). "The fact that counsel has been granted leave to withdraw does not mean that the postconviction petition is dismissed." *Greer*, 341 Ill. App. 3d at 910. Instead, the State must file a motion to dismiss the petition. *Id.*

¶ 19    Here, appointed counsel's "Motion to Dismiss" was improper. See *Elken*, 2014 IL App (3d) 120580, ¶ 36; *Shortridge*, 2012 IL App (4th) 100663, ¶ 15; *Sherman*, 101 Ill. App. 3d at 1133-34. The State, not defendant's counsel, was required to bring such a motion. See 725 ILCS 5/122-5 (West 2010).

¶ 20    In this case, not only did the State fail to file a motion to dismiss but the State failed to "move to dismiss" defendant's postconviction petition. After postconviction counsel presented his "Motion to Dismiss/Leave to Withdraw," the prosecutor stated that the motion was "exceptionally well taken" and asked the court to "rule on" it. However, as set forth above, to the extent that the motion requested dismissal of defendant's petition, it was improper since it was filed by defendant's own counsel. See *Elken*, 2014 IL App (3d) 120580, ¶ 36; *Shortridge*, 2012 IL App (4th) 100663, ¶ 15; *Sherman*, 101 Ill. App. 3d at 1133-34. The only issue properly before the court was whether postconviction counsel should be allowed to withdraw. The State's acquiescence to postconviction counsel's request to withdraw is not the equivalent of moving to dismiss the petition. Even if we consider the totality of the motion, the prosecutor's statements were still insufficient under the Act. The prosecutor's mere agreement with the motion and his request that the trial court "rule on" it fall short of "mov[ing] to dismiss" defendant's postconviction petition.

¶ 21    Even if the prosecutor's statements were sufficient to qualify as an oral motion to dismiss, such a motion is not authorized by the Act. The first sentence of section 122-5 does not require that a motion to dismiss be in writing. However, the second sentence refers to a "filed" motion to dismiss. The remainder of that sentence and the following sentence of that section contain the words "file" or "filed" two more times. See 725 ILCS 5/122-5 (West 2010). Only a written document can be filed. See *People ex rel. Oelsner v. Andrus*, 299 Ill. 50, 57 (1921). Thus, when read as a whole, section 122-5 contemplates the filing of a written motion to dismiss.

- 4 -

¶ 22    The requirement of a written motion to dismiss is also supported by case law. See *Greer*, 341 Ill. App. 3d at 910 ("the State is required to file an answer or a motion to dismiss"). And, in *Sherman*, 101 Ill. App. 3d at 1133-34, we held that a prosecutor's oral motion to dismiss a postconviction petition was improper because it deprived a defendant of notice and an opportunity to respond. *Id*. at 1133.

¶ 23    An oral motion to dismiss made at a hearing where postconviction counsel has moved to withdraw is especially problematic because a motion to withdraw separates defense counsel's interests from those of the defendant. See *id*. at 1134. The defendant, as a layperson, "cannot be expected to jump up at a hearing and voice his objections while his attorney is actively arguing against his interests." *Elken*, 2014 IL App (3d) 120580, ¶ 35. A defendant who lacks counsel to defend his interests is entitled to written notice of a motion to dismiss so that he can adequately prepare to defend himself *pro se*. See *Sherman*, 101 Ill. App. 3d at 1134.

¶ 24    Because postconviction counsel's "Motion to Dismiss" was improper, because the State failed to properly "move to dismiss" defendant's postconviction petition, and because postconviction counsel failed to explain why all of the claims contained in defendants' successive postconviction petition were frivolous or patently without merit, we reverse the trial court's order dismissing defendant's postconviction petition and remand to the trial court to appoint defendant new postconviction counsel to represent his interests going forward.

¶ 25                                                    CONCLUSION

¶ 26    The judgment of the circuit court of Peoria County is reversed and the cause is remanded for further proceedings.

¶ 27    Reversed and remanded.

¶ 28    JUSTICE SCHMIDT, dissenting.

¶ 29    While neither party argues that the court erred in granting defendant leave to file a successive postconviction petition, I would find that the court did err. Successive postconviction petitions are disfavored by Illinois courts. *People v. Smith*, 2014 IL 115946, ¶ 31. The court should deny leave to file a successive postconviction petition where it is clear that the claims alleged fail to justify further proceedings. *Id.* ¶ 35. Defendant did not allege, let alone establish, either cause or prejudice. 725 ILCS 5/122-1(f) (West 2010). Defendant cannot establish cause for failing to previously file the claims where, in fact, he raised the same claims in his direct appeal, motion for relief from judgment, and initial postconviction petition. Nevertheless, I write further to convey my disagreement with several portions of the majority's ruling.

¶ 30    Toward the end of its opinion, the majority holds that a defendant who lacks counsel to defend his interests has the right to notice of a motion to dismiss his postconviction petition. Defendant was afforded that right here. Postconviction counsel sent defendant notice of his motion to dismiss the postconviction petition/motion to withdraw. The court notified defendant about the upcoming hearing pursuant to defense counsel's motion. Further, defendant was present for the hearing. This case is factually different than *People v. Kitchen*, 189 Ill. 2d 424 (1999), and *People v. Bounds*, 182 Ill. 2d 1 (1998), where the court held that the trial court denied defendants' due process rights by dismissing their petitions. In *Kitchen*, the

- 5 -

parties were in court arguing discovery motions and in *Bounds*, the parties were in court on a status hearing. Here, defendant was present in court on counsel's *Greer* motion. Defendant knew that the court was going to hear arguments concerning the *Greer* motion. Thus, the court afforded defendant the opportunity to prepare and explain why postconviction counsel's allegations were in fact unfounded.

¶ 31    The majority also holds that postconviction counsel may not argue against a client's interests by seeking dismissal of a defendant's postconviction petition. This position ignores the fact that a *Greer* motion is, in substance, a motion to dismiss. When postconviction counsel files a motion to withdraw, he must give his reasons for doing so. By providing reasons, he essentially agrees that the court should dismiss defendant's postconviction petition. *Elken*, 2014 IL App (3d) 120580, ¶ 36. In fact, our supreme court has recognized that a *Greer* motion is "effectively an *ex post* request to deny the defendant" the relief sought in the postconviction petition. *People v. Kuehner*, 2015 IL 117695, ¶ 22. As such, I would find no error in counsel's decision to combine his motion to dismiss with his motion to withdraw as counsel. Both motions sought the same outcome: a finding that defendant's petition was meritless.

¶ 32    The majority next claims that the failure of the State to file a written motion to dismiss denied defendant due process. Not so. Section 122-5 does not require the State to file a *written* motion to dismiss but, rather, the State need only "move to dismiss." 725 ILCS 5/122-5 (West 2010). Had the General Assembly wanted counsel to file a written motion to dismiss a postconviction petition, it would have included such a requirement in section 122-5.

¶ 33    Based on the following exchange that took place at the hearing on counsel's *Greer* motion and motion to dismiss, it is clear that the State moved the court to dismiss defendant's postconviction petition. After defendant's counsel presented his motions, the court asked the State to explain its position on the matter. The State replied:

>    "I've also reviewed [defense counsel's] *Greer* motion, Motion to Dismiss, and it is exceptionally well taken. ***
>
>    I don't see what in the world he could actually argue that he's actually innocence–innocent when he himself on multiple occasions said he did it.
>
>    So, no. I think that–and I would ask that the Court rule on [defense counsel's] Motion to Dismiss, because I don't see any merit whatsoever in anything he's filed."

The State adopted defense counsel's motion to dismiss and moved the court to dismiss defendant's postconviction petition. While no doubt that the preferred method would be for the State to file a written motion adopting counsel's motion and incorporating it by reference, the statute does not require that the State do so; the State must simply move to dismiss, which it did here.

¶ 34    The majority seems to believe the appropriate course of action would be to allow the defendant to proceed *pro se*. To do what? Pursue a frivolous petition? An attorney who seeks to withdraw under *Greer* does so because he has determined that amending defendant's petition would be unethical and in direct violation of Illinois Supreme Court Rule 137 (eff. Feb. 1, 1994). Once the court has determined defendant's petition is meritless and has allowed counsel to withdraw in accordance with *Greer*, defendant's statutory right to counsel under the Act is extinguished. *Thomas*, 2013 IL App (2d) 120646, ¶ 7. This makes sense: "successor counsel would be obliged to withdraw for precisely the same reasons that led his or her predecessor to withdraw." *Id.*

¶ 35    Along the same lines, it would be oxymoronic to allow the public defender's office to withdraw based on the court's finding that defendant's claims are meritless, but allow defendant to proceed *pro se* on the same meritless claims. Rule 137 applies with equal force to *pro se* litigants. Neither an attorney nor a party may deliberately mislead the court with respect to the facts or the laws, nor may they consume the time and energies of the court by advancing a frivolous argument. *McCoy v. Court of Appeals of Wisconsin, District 1*, 486 U.S. 429, 436 (1988). The only logical action for the court to take after granting a *Greer* motion is to dismiss defendant's petition. At this point, the court is no longer dismissing defendant's claims *sua sponte*. Instead, after notice and an opportunity to be heard the court agrees with counsel's findings that defendant's claims are meritless.

¶ 36    Furthermore, this is no different from situations where we grant *Anders* (*Anders v. California*, 386 U.S. 738 (1967)) and *Finley* (*Pennsylvania v. Finley*, 481 U.S. 551 (1987)) motions and simultaneously dismiss a defendant's appeal. *In re Juan M.*, 2012 IL App (1st) 113096; *People v. Singleton*, 17 Ill. App. 3d 924 (1974). I acknowledge that procedurally this case is at a different stage; counsel filed a *Greer* motion at the trial court level as opposed to the appellate court level. However, in these situations, the court must determine that defendant's claims are meritless prior to allowing counsel to withdraw. Therefore, commonsense dictates that the trial court dismisses the petition after granting a *Greer* motion. It only makes sense that upon granting a *Greer* motion that the trial court simultaneously dismiss the postconviction petition. If upon appeal the reviewing court finds error granting the *Greer* motion, the postconviction petition will be reinstated.

¶ 37    Again, on appeal, defendant does not argue that the trial court erred in allowing counsel to withdraw, but only in dismissing the petition. A *Greer* motion only permits the withdrawal of counsel after the court finds that the defendant's claims are meritless. Here, the court found the claims meritless and not only allowed defendant's attorney to withdraw, but also allowed the office of the public defender to withdraw. There was nothing left for the court to do but dismiss the petition.

¶ 38    The majority hangs its hat on statutory construction. As has already been observed, the General Assembly did not anticipate defense motions to withdraw based on Illinois Supreme Court Rule 137 (eff. Feb. 1, 1997). *People v. Greer*, 212 Ill. 2d 192, 209 (2004). Nonetheless, the supreme court in *Greer* rejected the notion that the absence of any reference to Rule 137 obligations in the Act (725 ILCS 5/122-2 *et seq.* (West 2000)) precluded such motions. *Greer*, 212 Ill. 2d at 209. We are bound not to construe a statute in a manner that leads to absurd results. *People v. Lewis*, 234 Ill. 2d 32, 44 (2009). What could be more absurd than a trial judge, in effect, telling a defendant, "I have looked at your counsel's motion to withdraw, looked at the record and heard arguments. I agree that any claims raised in your postconviction petition are frivolous and patently without merit. However, until someone in the State's Attorney's office musters up the ambition to file a motion to dismiss, you may soldier on with your frivolous petition."? A remand here sends everyone on a fool's errand. So now we will have two appeals rather than one. What else can the trial judge do but dismiss the petition after having previously found that it is frivolous and patently without merit? Defendant can still appeal the ruling. I cannot accept the suggestion that the General Assembly intended the result reached by the majority. I, therefore respectfully dissent.

¶ 39    As such, I would find that the court properly dismissed defendant's successive postconviction petition.