NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 240783-U

NO. 4-24-0783

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
February 3, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Jersey County |
| JENNIFER JO WALTERS, | ) | No. 20CF203 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Allison Lorton, |
| | ) | Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court.
Justices Doherty and Grischow concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The appellate court reversed, finding (1) the trial court erred when granting the
State's oral motion to dismiss defendant's postconviction petition at the second
stage and (2) the error was not harmless.

¶ 2        In October 2021, defendant, Jennifer Jo Walters, pleaded guilty to aggravated

domestic battery (720 ILCS 5/12-3.3(a) (West 2020)) and resisting or obstructing a peace officer

(*id.* § 31-1(a)). Defendant did not move to withdraw her guilty plea, and no direct appeal

occurred. In February 2024, defendant filed a *pro se* postconviction petition. The petition

advanced to the second stage of proceedings, where the trial court appointed postconviction

counsel to represent defendant. In May 2024, postconviction counsel moved to withdraw, and the

State orally moved to dismiss the petition. The court granted both motions. On appeal, defendant

argues the court erred when granting both motions. We reverse.

¶ 3                                    I. BACKGROUND

¶ 4            In October 2020, the State charged defendant by information with (1) aggravated

domestic battery for striking a family member, Adam Weaver, with a frying pan and causing

great bodily harm (*id.* § 12-3.3(a)); (2) aggravated battery (*id.* § 12-3.05(d)(4)) for committing a

battery against a peace officer, Sergeant Matt Stidd; and (3) resisting or obstructing a peace

officer for falling to the floor and pulling away from officers as they attempted to arrest her (*id.*

§ 31-1(a)).

¶ 5            In October 2021, defendant entered into an open plea agreement, wherein she

pleaded guilty to aggravated domestic battery and resisting or obstructing a peace officer. The

State dismissed the aggravated battery charge. The trial court accepted the plea agreement,

ordered the preparation of a presentence investigation report (PSI), and scheduled the matter for

sentencing.

¶ 6            A sentencing hearing was held on November 29, 2021. In the PSI, defendant

stated she was not guilty and described the underlying circumstances she found mitigating to the

events that led to her arrest. At the hearing, defendant again reiterated she was not guilty and

offered reasons for why she, nonetheless, pleaded guilty. The trial court sentenced defendant to

60 days in the Jersey County jail and 2 years of probation with various conditions. The court then

advised defendant of her appeal rights. Defendant did not file a direct appeal.

¶ 7            On November 20, 2023, the State filed a petition to revoke defendant's probation.

The petition alleged defendant had failed to undergo anger management treatment as ordered.

¶ 8            On February 9, 2024, defendant filed a *pro se* postconviction petition pursuant to

the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2022)). In the petition,

defendant alleged she had proof she was innocent.

¶ 9 On February 20, 2024, defendant appeared in court on the State's petition to revoke her probation. The trial court stated it was aware of defendant's postconviction petition and appointed counsel to represent her.

¶ 10 On May 1, 2024, defendant filed four *pro se* motions. She filed a "Motion for Appellate Court Appointment," alleging her attorneys had violated her constitutional rights, "leading to a false plea." She filed a "Motion to Withdraw Guilty Plea and Dismiss Criminal Charges," where again she alleged her constitutional rights had been violated and "Dereliction by [her] Attorneys and [the] Police." She filed a "Motion for Stay of Proceedings," alleging the police and defense attorneys "compromised" her right to a fair trial. Lastly, she filed a "Motion for Continuance for Criminal Charges," seeking a continuance and the appointment of another attorney.

¶ 11 On May 16, 2024, postconviction counsel filed a certificate of compliance pursuant to Illinois Supreme Court Rule 651(c) (eff. July 1, 2017). That same day, counsel filed a motion for leave to withdraw asserting he had complied with the requirements of Rule 651(c) and it was his "position that Defendant's claims are frivolous and without merit thereby preventing Counsel from advocating Defendant's position in good faith."

¶ 12 The parties appeared before the trial court on May 20, 2024. The court stated it had appointed counsel for defendant's postconviction petition and that counsel had moved to withdraw. Defendant interrupted to state counsel had been "fired by [her] over the telephone." The court stated:

> "[Counsel] is asking the Court to withdraw. He's indicated that he
> cannot make any amendments to your motion under the law to
> bring it up to something that's not frivolous. That's his opinion.

That's not my opinion. So, he's going to be allowed to withdraw.
So, what we're at is what's called—this is a little different than the
prosecution of the case. This is post-conviction proceedings. So,
we're at what's called the second stage. So, you have your motion.
I know you have filed some additional motions and the Court has
reviewed that. The State will be filing a petition to dismiss or
answer her petition, I presume in second stage?"

¶ 13 The State answered, "Yes, Your Honor. At this time, we would certainly be
moving to dismiss I believe the certificate that [counsel] filed stated it was, you know, no legal
basis for her petition." Additionally, the State indicated it was moving to withdraw its petition to
revoke defendant's probation based on her "mental state."

¶ 14 Defendant contended counsel would "not go through [her] stuff," so she fired
him. She requested the trial court appoint a new attorney. Counsel interjected he had filed his
motion to withdraw pursuant to *People v. Huff*, 2024 IL 128492, which supported his view that,
as an officer of the court, he was required to withdraw. Defendant then alleged various facts she
believed supported her innocence. The court interrupted and stated the following:

"—hang on. Hang on. And you have filed a motion that says you
want an Appellate attorney. I can't appoint an Appellate attorney
unless you file an appeal. *** I'm granting the State's motion to
dismiss your post-conviction petition. So, you have the right to
have an *** Appellate attorney review this decision to see whether
or not you had something justiciable that requires further hearing.
Okay? So, I can't—so, effectively [your] post-conviction petition

- 4 -

is going to be dismissed. You have 30 days if you wish to file an appeal."

¶ 15    This appeal followed.

¶ 16    II. ANALYSIS

¶ 17    On appeal, defendant argues the trial court erred by (1) dismissing her postconviction petition because her due process rights were violated when no written motion to dismiss was filed, depriving her of notice and the opportunity to respond and (2) granting postconviction counsel's motion to withdraw where it failed to provide a basis for concluding her petition was without merit and where the record does not demonstrate counsel had complied with Rule 651(c). In support of her contentions on appeal, defendant cites *People v. Jackson*, 2015 IL App (3d) 130575. In addition, defendant argues the procedural due process violation was not harmless, citing *People v. Pingelton*, 2022 IL 127680.

¶ 18    The State agrees the trial court erred when it granted the State's oral motion to dismiss defendant's petition and permitted counsel to withdraw without stating why defendant's claims were without merit. The State disagrees counsel did not comply with Rule 651(c).

¶ 19    "The [Act] provides a procedural mechanism through which criminal defendants can assert that their federal or state constitutional rights were substantially violated in their original trials or sentencing hearings." *People v. Buffer*, 2019 IL 122327, ¶ 12. A postconviction petition must clearly set forth the ways in which a defendant claims his constitutional rights were violated. 725 ILCS 5/122-2 (West 2022). "The petition shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached." *Id.*

¶ 20    "The Act provides a three-stage process for the adjudication of postconviction

petitions." *Buffer*, 2019 IL 122327, ¶ 45. Once a postconviction petition moves from the first to the second stage, the trial court may appoint counsel to represent the defendant and the State may file responsive pleadings. *People v. House*, 2021 IL 125124, ¶ 17. During the second stage, the court determines "whether the postconviction petition and any accompanying documentation make a substantial showing of a constitutional violation." *Id.* If a defendant fails to make a substantial showing of a constitutional violation, his or her postconviction claims are subject to dismissal. *Id.* The court's dismissal of a defendant's claims at the second stage of proceedings is subject to *de novo* review. *People v. Johnson*, 2017 IL 120310, ¶ 14.

¶ 21     In *Jackson*, the defendant filed a *pro se* postconviction petition following his conviction, which was summarily dismissed. *Jackson*, 2015 IL App (3d) 130575, ¶¶ 5-6. Three years later, he filed a motion for leave to file a successive postconviction petition. *Id.* ¶ 7. The trial court granted the defendant's motion and appointed counsel to represent him. *Id.* During the pendency of defendant's petition, he filed several *pro se* motions requesting the appointment of new counsel. *Id.* ¶ 8. Postconviction counsel eventually filed a combined motion for leave to withdraw and to dismiss the defendant's petition. *Id.* ¶ 9. At a hearing on counsel's motion, the State did not object to dismissing the petition. *Id.* ¶ 10.

¶ 22     Along with being troubled by postconviction counsel seeking to dismiss the defendant's petition, the *Jackson* court noted "counsel's motion to withdraw must explain why each of the petitioner's claims is frivolous or patently without merit." *Id.* ¶¶ 16-17. "When the trial court grants a motion to withdraw, the court may appoint new counsel or allow the defendant to proceed *pro se*." *Id.* ¶ 17. "It is improper for a trial court to dismiss a postconviction petition simply because postconviction counsel has been allowed to withdraw as counsel." *Id.* ¶ 18. The *Jackson* court did not find the State had affirmatively orally moved to dismiss the

petition, but went on to state the Act does not authorize an oral motion to dismiss. *Id.* ¶ 21; see *People v. Sherman*, 101 Ill. App. 3d 1131, 1133-34 (1981) (also finding the State's oral motion to dismiss a postconviction petition improper).

¶ 23　　　　Defendant argues, like in *Jackson*, she was simultaneously required to respond to her postconviction counsel's motion to withdraw and the State's motion to dismiss without any notice. Furthermore, neither postconviction counsel nor the State provided any substantive basis for their respective motions to which defendant could respond. The State agrees with defendant that *Jackson* is sufficiently analogous to the case at bar.

¶ 24　　　　We agree with defendant and accept the State's concession that *Jackson* is guiding here and find the trial court's grant of the State's oral motion to dismiss was a procedural due process violation. However, our analysis does not end here.

¶ 25　　　　In *Pingelton*, our supreme court held it was a procedural due process violation to grant the State's motion to dismiss where the defendant had not been served the motion to dismiss nor had an opportunity to respond to the State's motion. *Pingelton*, 2022 IL 127680, ¶ 39. However, the court concluded that a harmless error analysis applies to a procedural due process violation of this kind. *Id.* ¶ 43; see *People v. Stoecker*, 2020 IL 124807, ¶ 25 (stating an error denying a defendant "a reasonable opportunity to respond to a dispositive motion in a collateral civil proceeding and lack of notice before it was dismissed as a matter of law—cannot be equated with the narrow class of automatically reversible errors articulated by the United States Supreme Court and [the Illinois Supreme Court]"). "We will deem an error harmless where the petitioner's claims are 'patently incurable as a matter of law' and no additional proceedings would result in the petitioner's prevailing on his or her claims." *People v. Wells*, 2023 IL 127169, ¶ 26 (quoting *Stoecker*, 2020 IL 124807, ¶ 26).

¶ 26       Defendant asserts the trial court's error was not harmless. She contends her original petition contained a claim of actual innocence, wherein she alleged to have recordings and other proof of her innocence. Additionally, when she met with her postconviction counsel, she became aware of photographic evidence she had not seen prior to pleading guilty. These claims—coupled with the failure by postconviction counsel to explain why he found her petition to be frivolous and the State's failure to provide any basis to support its motion to dismiss— would not render defendant's petition patently incurable as a matter of law. The State agrees that, unlike in *Pingelton*, the record here is insufficient to show harmless error occurred.

¶ 27       We agree with defendant and accept the State's concession. A harmless error finding would require us to accept that defendant's claims—in their entirety—are patently incurable as a matter of law and conclude no additional proceedings would result in her potentially prevailing on *any* claims. Based on our review of the record, such a conclusion would be premature. Because we find the trial court erred and that such error was not harmless, we need not address the parties' contentions on whether postconviction counsel complied with Rule 651(c).

¶ 28       Defendant requests we reverse the trial court's dismissal of her petition and remand the matter for further proceedings with new postconviction counsel. We agree. Where counsel's motion to withdraw is granted "after the postconviction petition had advanced to the second stage of postconviction proceedings and counsel fails to explain why all of the claims are frivolous and patently without merit, the proper remedy is to reverse and appoint new postconviction counsel on remand." *Jackson*, 2015 IL App (3d) 130575, ¶ 17.

¶ 29                    III. CONCLUSION

¶ 30       For the reasons stated, we reverse the judgment of the trial court and remand the

matter for further proceedings consistent with this order.

¶ 31          Reversed and remanded with directions.