2021 IL App (2d) 190970-U
No. 2-19-0970
Order filed November 15, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of Carroll County. |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 04-CF-15 |
| | ) | |
| ANTONIO SALGADO a/k/a James | ) | |
| Delgado, | ) | Honorable |
| | ) | Val Gunnarsson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE ZENOFF delivered the judgment of the court.
Justices Schostok and Hudson concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The Appellate Court reversed the second-stage dismissal of the defendant's amended successive postconviction petition and remanded for further proceedings because the defendant received unreasonable assistance of counsel.

¶ 2    Defendant, Antonio Salgado a/k/a James Delgado, appeals the second-stage dismissal of his successive postconviction petition. We reverse and remand for further proceedings.

¶ 3                                    I. BACKGROUND

¶ 4    On April 2, 2004, a Carroll County grand jury indicted defendant on three counts of first-degree murder (720 ILCS 5/9-1(a)(1), 5/9-1(a)(2) (West 2004)) in connection with the stabbing

death of his wife, Theresa Delgado. On August 9, 2004, defendant pleaded guilty to count I of the indictment pursuant to a fully negotiated plea agreement. In accordance with the plea agreement, the court sentenced defendant to 35 years' incarceration in the Illinois Department of Corrections.

¶ 5        During the entry of the guilty plea, defendant initially told the court that he had difficulty understanding the proceedings, but he then said that he understood "what we've been doing in this courtroom." Defendant indicated that he had no questions about "what was happening in this case so far." Defendant stated that he was a United States citizen and had attended school in Chicago up to the seventh grade. Defendant acknowledged that he was able to read the documents pertaining to his case, and he indicated that he understood the charge to which he would be pleading guilty. Defendant also acknowledged that he understood his trial rights and the possible sentences that the court could impose. Defendant stated that no one had threatened or pressured him into pleading guilty. After the State presented a factual basis for the guilty plea, defendant stated that he still intended to plead guilty and did not want to wait for the results of a DNA test. Defendant stated that he had an adequate opportunity to discuss "all of this" with his attorney. Defendant then pleaded guilty to count I of the indictment. When the court asked defendant if he had anything to say before sentencing, defendant replied, "No, I have nothing to say." Defendant also stated that he had no questions about what had "transpired today" and that he understood his appeal rights.

¶ 6                              A. Post-Plea Proceedings

¶ 7        Defendant, *pro se*, moved to withdraw his guilty plea on the ground that he did not understand the proceedings due to drug and alcohol abuse and a limited comprehension of English. Defendant claimed that his trial counsel, Don Schweihs, rendered ineffective assistance in not obtaining a fitness evaluation and failing to investigate whether defendant had a meritorious

defense. Defendant claimed that he came home and found his wife engaged in sex with another man just before her death. Defendant also claimed not to remember anything after finding his wife with the other man. Following an evidentiary hearing, the court denied defendant's motion to withdraw his guilty plea, and defendant appealed. On appeal, the only issue that defendant raised was whether he should be allowed to withdraw his guilty plea because he had a worthy defense. This court affirmed. *People v. Salgado*, No. 2-05-0058 (unpublished order pursuant to Illinois Supreme Court Rule 23).

¶ 8    On August 7, 2007, defendant filed a *pro se* postconviction petition alleging that his guilty plea was involuntary. Specifically, he alleged, *inter alia*, that his English was limited such that he did not understand the guilty-plea proceedings. The court dismissed the petition at the first stage, and defendant appealed. On appeal, the only issue that defendant raised was whether the trial court properly admonished defendant that he would be required to serve a term of mandatory supervised release. This court affirmed. *People v. Salgado*, No. 2-07-0998 (unpublished order pursuant to Illinois Supreme Court Rule 23).

¶ 9    On July 31, 2009, while his postconviction petition was still pending, defendant, *pro se*, filed a section 2-1401 petition (735 ILCS 5/2-1401 (West 2008)) to void his conviction on the grounds that the trial court failed to order a fitness evaluation and Schweihs was ineffective for failing to request an evaluation. After the trial court granted the State's motion to dismiss and denied defendant's motion to reconsider, defendant appealed. We affirmed but allowed defendant a monetary credit against his jail time. *People v. Salgado*, No. 2-09-1028 (unpublished order pursuant to Illinois Supreme Court Rule 23).

¶ 10                B. Defendant's Successive Postconviction Petition

¶ 11    On August 30, 2017, defendant filed a *pro se* motion for leave to file a successive postconviction petition. The trial court granted that motion and appointed Attorney Colleen Buckwalter to represent defendant.[1] Buckwalter filed an amended successive postconviction petition and a certificate pursuant to Illinois Supreme Court Rule 651(c) (eff. July 1, 2017). In the amended petition, Buckwalter alleged that Schweihs failed to investigate defendant's ability to understand the guilty-plea proceedings and failed to request an interpreter for defendant. Buckwalter further alleged that defendant's comprehension of English was minimal, resulting in his failure to understand the effects of his plea agreement. Buckwalter's Rule 651(c) certificate recited that she consulted with defendant by mail and telephone, examined the record and reports of all proceedings, including the guilty plea, and made the necessary amendments to defendant's *pro se* successive petition to adequately present his contentions.

¶ 12    The State filed a motion to dismiss, alleging that defendant's successive petition was not filed within the statute of limitations. The State further moved to dismiss on grounds of *res judicata*, waiver, and defendant's failure to satisfy the two-prong test for establishing ineffective assistance of counsel set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).

¶ 13    Buckwalter left the public defender's office, and the court appointed Attorney David J. Brown to represent defendant. Brown filed his Rule 651(c) certificate stating that he consulted with defendant by mail and telephone, examined the record, including the guilty-plea proceedings, and had no further amendments to the successive petition.

---

[1] At page 1 of his opening brief, defendant erroneously states that the trial court denied leave to file the successive postconviction petition.

¶ 14    At a status hearing, Brown asked the court whether defendant should be present at the hearing on the State's motion to dismiss. When the court asked for Brown's position, Brown stated: "It's a straightforward argument. I mean it's very clear that [defendant] was not within the statute of limitations on his filings." The court then inquired whether Brown had spoken to defendant. Brown indicated that he had a half hour conversation with defendant. The court asked Brown: "[Y]ou didn't have any problem communicating with [defendant]?" Brown answered: "No. He speaks very good English." The court then ruled that it would not require defendant's presence at the upcoming hearing, "since this is strictly a legal argument."

¶ 15    At the hearing on the State's motion to dismiss, Brown represented that he had spoken with defendant and was adopting Buckwalter's amended successive petition. The State essentially stood on its motion to dismiss without further argument. In response, Brown stated: "[Defendant] does not have the benefit of counsel. He files these things." Brown continued: "In speaking with [defendant][,] I tried to explain to him everything that was going on. I hope he understood me." The court sought clarification of Brown's last remark: "You were able to communicate with [defendant]?" Brown replied: "Yes. I had—[defendant] speaks very good English. I had no problem over the telephone."

¶ 16    Brown then elaborated on his communication with defendant: "In speaking with [defendant][,] I advised him that there was a Motion to Dismiss pending." Brown stated that he asked defendant "if there was any reason why he would have delayed and he had no reason other than he thought he was doing everything he was [supposed] to be doing to, you know, regarding these matters."

¶ 17    The court took the matter under advisement. On October 29, 2019, the court issued a 13-page typewritten memorandum decision and order. The court found that defendant responded to

"routine explanations and questions appropriately." The court then detailed the guilty-plea proceedings, extensively quoting from the record, and found that defendant understood those proceedings. The court did not rule on whether defendant's successive petition was untimely, but found that, by abandoning his claims of ineffective assistance of trial counsel in his appeals, he forfeited or waived those claims. Defendant timely appealed.

¶ 18                                II. ANALYSIS

¶ 19    Defendant raises two issues. First, he argues that Buckwalter and Brown rendered unreasonable assistance of counsel. He asserts that they should have included an allegation in the amended successive petition that defendant's counsel on direct appeal was ineffective for not raising defendant's lack of understanding of the trial court proceedings. Second, defendant contends that Brown rendered unreasonable assistance when he conceded that the amended successive petition was meritless. Because we determine that Brown rendered unreasonable assistance of counsel, we do not reach the first issue.

¶ 20              A. General Principles Governing This Appeal

¶ 21                  1. *The Postconviction Hearing Act*

¶ 22    Section 122-1(a)(1) of the Postconviction Hearing Act (Act) (725 ILCS 5/122-1(a)(1) (West 2016)) provides a method by which a criminal defendant can assert that his or her conviction resulted from the substantial denial of his or her constitutional rights. Proceedings under the Act are divided into three stages. *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). At the first stage, the court can summarily dismiss a petition that it deems "frivolous or patently without merit." *Hodges*, 234 Ill. 2d at 10. If a petition advances to the second stage, counsel may be appointed to an indigent defendant, and the State is allowed to file responsive pleadings. *Hodges*, 234 Ill. 2d at 10-11. To advance to a third stage evidentiary hearing, the petition and accompanying documentation must

make a "substantial showing" of a constitutional violation. *People v. Edwards*, 197 Ill. 2d 239, 246 (2001). Where the court dismisses a petition at the second stage, as here, our review is *de novo*. *People v. Pendleton*, 223 Ill. 2d 458, 473 (2006).

¶ 23 The Act contemplates the filing of only one postconviction petition. *People v. Pitsonbarger*, 205 Ill. 2d 444, 456 (2002). Under the Act, a defendant must seek leave to file a successive petition. 725 ILCS 5/122-1(f) (West 2016); *People v. Edwards*, 2012 IL 111711, ¶ 22. The bar against successive petitions is relaxed where the defendant can demonstrate (1) "cause and prejudice" for failing to file the claim earlier or (2) actual innocence. *Edwards*, 2012 IL 111711, ¶¶ 22-23. Here, the court allowed defendant to file a successive petition under the cause-and-prejudice test. Defendant alleged that a fellow prison inmate "conned" him into paying for the preparation of a deficient original petition.

¶ 24 2. *Assistance of Counsel in Postconviction Proceedings*

¶ 25 It is well established that there is no constitutional right to counsel in proceedings under the Act. *People v. Urzua*, 2021 IL App (2d) 200231, ¶ 62. Rather, the right to counsel under the Act is statutory, and defendants are guaranteed only a *reasonable* level of assistance at each stage of the proceedings. *Urzua*, 2021 IL App (2d) 200231, ¶ 62.

¶ 26 Here, the court dismissed defendant's amended successive petition at the second stage. Rule 651(c) limits the duties that an attorney must undertake at that stage to three things: (1) consulting with the defendant by telephone, mail, electronic means, or in person to ascertain his or her contentions of deprivation of constitutional rights, (2) examining the record of the trial proceedings, and (3) making any amendments to the defendant's *pro se* filings necessary for an adequate presentation of the defendant's contentions. *Urzua*, 2021 IL App (2d) 200231, ¶ 63. Compliance with the obligation to amend does not require postconviction counsel to advance

spurious claims on a defendant's behalf. *People v. Greer*, 212 Ill. 2d 192, 195 (2004). Counsel's certification that he or she fulfilled those duties creates a rebuttable presumption that counsel provided a reasonable level of assistance, absent an affirmative showing in the record otherwise. *Urzua*, 2021 IL App (2d) 200231, ¶ 63. It is error to dismiss a postconviction petition on the pleadings where there has been inadequate representation by counsel. *People v. Schlosser*, 2017 IL App (1st) 150355, ¶ 42, citing *People v. Suarez*, 224 Ill. 2d 37, 47 (2007).

¶ 27                    B. Defendant's Claim of Unreasonable Assistance

¶ 28    Defendant argues that Brown rendered unreasonable assistance when he confessed that defendant's successive postconviction petition was barred by the statute of limitations. Citing *People v. Sanders*, 393 Ill. App. 3d 152 (2009), defendant asserts that the limitations bar was relaxed when the court found that he met the cause-and-prejudice test for filing a successive petition. Assuming that to be true, the State argues, Brown's concession was meaningless because the court did not dismiss the successive petition on untimeliness grounds. However, defendant points out that Brown's concession prevented defendant from being present at the hearing on the State's motion to dismiss, where Brown further conceded that the amended successive petition—alleging that defendant did not understand English—was meritless.

¶ 29    Defendant argues that Brown's representation at the hearing on the State's motion to dismiss was so deficient that it amounted to no representation at all. Defendant asserts that Brown not only offered no argument in support of the amended successive petition, but he affirmatively "sabotaged" it. Defendant maintains that Brown made no "effort to advocate" for defendant where he stated that (1) defendant speaks "very good" English, (2) defendant lacked counsel when he "files these things," and (3) defendant had no reason for filing his successive petition late. Citing *People v. Shortridge*, 2012 IL App (4th) 100663 (if postconviction counsel believes that the

defendant's claims are frivolous, his ethical obligation is to seek to withdraw as counsel), defendant urges that Brown should have moved to withdraw. The State maintains that Brown afforded defendant reasonable assistance where he fulfilled his duties pursuant to Rule 651(c). The State argues that Brown could not lie when the court asked him point-blank if he was able to communicate with defendant.

¶ 30    We hold that Brown rendered unreasonable assistance. Defendant's presence at the hearing on the State's motion to dismiss was waived because Brown represented to the court that defendant's successive petition was untimely. Consequently, defendant was not able to rebut Brown's arguments against the petition. See *People v. Elken*, 2014 IL App (3d) 120580, ¶ 36 (appropriate procedure when counsel concludes that the defendant's contentions are meritless is to file a motion to withdraw, with notice to the defendant, so that the defendant can argue against appointed counsel's motion). Here, at the hearing on the motion to dismiss, Brown telegraphed that defendant's successive petition was frivolous when he said that defendant "files these things." Knowing that defendant challenged his guilty plea on the basis that he lacked proficiency in English, Brown told the court that defendant spoke very good English. The State is correct that Brown could not lie to the court, but he could have truthfully indicated his ability to communicate with defendant without undermining defendant's postconviction contention. The court asked Brown, "You were able to communicate with [defendant]?" Instead of replying with a simple, truthful "Yes," Brown added: "I had—*[defendant] speaks very good English*. I had no problem over the telephone." (Emphasis added). Because this was the second time that Brown undercut his client's contention, it had a double impact. The first time occurred at the status hearing. The court asked Brown: "[Y]ou didn't have any problem communicating with [defendant]?" Brown

2021 IL App (2d) 190970-U

answered: "No. He speaks very good English." All Brown needed to say, while remaining truthful, was "No."

¶ 31 Clearly, Brown felt that defendant's successive petition lacked merit. As in *Elken*, 2014 IL App (3d) 120580, ¶ 32, where the court held that counsel's lack of representation warranted reversal, Brown filed no motion to withdraw and gave defendant no notice of his intent to withdraw. Instead, as in *Elken*, Brown "simply stood up at the hearing and stated that [the] defendant's contentions had no merit." *Elken*, 2014 IL App (3d) 120580, ¶ 32. Accordingly, we reverse the dismissal of the amended successive postconviction petition and remand to the circuit court for further second-stage proceedings.

¶ 32                     III. CONCLUSION

¶ 33 For the reasons stated, we reverse the judgment of the circuit court of Carroll County and remand with directions to appoint new counsel for defendant.

¶ 34 Reversed and remanded with directions.