2021 IL App (1st) 190442

FIRST DISTRICT
FIRST DIVISION
May 17, 2021

No. 1-19-0442

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Cook County, Illinois. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) | No. 93 CR 2883501 |
| GREGORY MCMILLEN, | ) ) | Honorable |
| Defendant-Appellant. | ) ) | William H. Hooks, Judge Presiding |

JUSTICE COGHLAN delivered the judgment of the court, with opinion.
Justices Hyman and Pierce concurred in the judgment and opinion.

**OPINION**

¶ 1    In this third stage postconviction proceeding, defendant appeals the circuit court's ruling granting his "counsel's oral request to withdraw and the State's motion to dismiss the petition" prior to the third stage hearing. We reverse and remand for further proceedings.

¶ 2                                I. BACKGROUND

¶ 3    At his first trial, defendant was found guilty of first degree murder and sentenced to life in prison. On direct appeal, defendant's conviction was reversed, and the matter was remanded for a new trial. *People v. McMillen*, 281 Ill. App. 3d 247, 255 (1996). At his second trial, defendant was again convicted of first degree murder and sentenced to life in prison. His second conviction was affirmed on appeal. *People v. McMillen*, 312 Ill. App. 3d 1205 (2000) (table) (unpublished order under Illinois Supreme Court Rule 23).

¶ 4    Defendant filed a *pro se* petition for postconviction relief on January 29, 2001, which was never docketed or ruled upon. Defendant filed a successive *pro se* postconviction petition on December 21, 2009, alleging that he was not allowed to raise the affirmative defense of involuntary intoxication at trial, based on the unwarned side effects of prescription medications he was taking at the time of the offense. This affirmative defense was first recognized by our supreme court in *People v. Hari*, 218 Ill. 2d 275 (2006) and held to apply retroactively in *People v. Alberts*, 383 Ill. App. 3d 374, 385 (2008).

¶ 5    The circuit court dismissed defendant's successive postconviction petition because he "failed to satisfy the cause and prejudice test." On appeal, defendant's appellate counsel discovered that his 2001 *pro se* postconviction petition had never been file-stamped or placed on the circuit court's docket. On January 14, 2013, the Office of the State Appellate Defender contacted the Clerk of the Circuit Court to have defendant's 2001 petition file-stamped and placed on the circuit court's docket for filing. On May 2, 2013, the circuit court allowed defendant to supplement his 2001 petition with all of the claims from his 2009 petition, including his involuntary intoxication affirmative defense claim. On November 7, 2013, the circuit court ordered that "[t]he post conviction petitions received on Jan. 29, 2001, filed in 2009, and the supplement to the 2001 petition filed in 2013 are all docketed." The court also appointed the Cook County Public Defender's Office to represent defendant in the postconviction proceedings. Defendant's pending appeal was dismissed on February 18, 2014.

¶ 6    Since defendant's initial petition had not been ruled upon within 90 days of filing, it automatically proceeded to the second stage of postconviction review. Appointed counsel filed a supplemental postconviction petition "add[ing] to and clarif[ying] the issues previously raised in [defendant's] Pro Se Post Conviction Petition, and subsequent filings," including the claim that

he was not warned of the side effects of prescribed psychotropic, seizure, and asthma medications he was taking at the time of the offense. Counsel requested a "third stage evidentiary hearing, where [defendant] can produce expert testimony regarding the side effects of the prescribed medications" to support his involuntary intoxication affirmative defense. The State filed a motion to dismiss defendant's supplemental petition, which the court granted as to all of defendant's claims except for "the claim of actual innocence based on involuntary intoxication." The court ruled that these "assertions taken as true during the second stage proceedings are sufficient to establish a substantial deprivation of constitutional rights which is necessary to obtain a third stage evidentiary hearing."

¶ 7    At a "final status" hearing during third stage proceedings, defense counsel orally moved "to withdraw without any prejudice to [defendant] since we cannot meet our burden." Counsel explained that two experts—a psychiatrist and a pharmacologist— were hired "to assist them in helping to support [defendant's] claim of involuntary intoxication defense." After separately interviewing defendant and reviewing the subpoenaed medical records, both experts concluded that "they cannot testify to supply evidence to support [defendant's] defense." In response, the circuit court inquired whether counsel could "go forward based on [her] ethical obligations under the Illinois Supreme Court Rules concerning good faith presentation of a defense" and whether defendant's involuntary intoxication theory was "not viable." Counsel responded, "That's correct."

¶ 8    The court indicated that, "I'm not going to have the defense answer the question as to why I would allow *** you to withdraw without prejudice or dismiss the complaint without prejudice. I'll ask the State what [its] position is on it." The State responded, as follows:

"[the petition] was advanced by this Court to a third stage proceeding with the understanding in a third stage proceeding that [they] would be able, by [defendant], to place forth people to testify in this matter, and not just civilians, but this is a matter that experts would have to testify such as a psychiatrist, psychologist, and/or a pharmacologist.

With the representation that that investigation has been completely conducted, not only at second stage, but then again also at third stage in preparation for the hearing, and with counsel stating that at this point they cannot go forward in good faith as it is not a viable claim, then at this point we have satisfied the Post-Conviction Act.

***I agree with your Honor, the matter should be dismissed and the State does say it should be dismissed with prejudice *** because we have heard that we cannot go forward in good faith based on the [defendant], and there are no experts to testify since that's the whole point of this petition. As I said, there's nothing further that the petitioner here could do or could do in the future. It's been thoroughly looked at, investigated, and assessed."

The circuit court "dismissed [defendant's petition] over the defense objection *** with prejudice" because "[t]his case, in this Court's opinion, requires expert witness testimony to back up [defendant's] theory of involuntary intoxication" and there was "no testimony that [would] support that from [an] expert witness that would be persuasive, that would be available for this Court to even weigh."

¶ 9                                    II. ANALYSIS

¶ 10        A postconviction proceeding under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2000)) is a collateral proceeding that allows for the review of constitutional

issues that were not, and could not have been, raised on direct appeal. *People v. Ortiz*, 235 Ill. 2d 319, 328 (2009). "To be entitled to postconviction relief, a defendant must show that he has suffered a substantial deprivation of his federal or state constitutional rights in the proceedings that produced the conviction or sentence being challenged." *People v. Pendleton*, 223 Ill. 2d 458, 471 (2006). Postconviction proceedings may advance through as many as three stages under the Act. *Id.* at 472. At the first stage, the court has 90 days to independently review the petition and "shall" dismiss it if it is "frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2000).

¶ 11        At the second stage, indigent defendants are entitled to appointment of postconviction counsel. 725 ILCS 5/122-4 (West 2000). Appointed counsel has several duties pursuant to Illinois Supreme Court Rule 651(c) (eff. July 1, 2017), but these duties do not require counsel to advance frivolous or spurious claims on defendant's behalf. See *People v. Greer*, 212 Ill. 2d 192, 205 (2004). After counsel makes any necessary amendments to the petition, "the State shall answer or move to dismiss" the petition. 725 ILCS 5/122-5 (West 2000). "At this stage, the circuit court must determine whether the petition and any accompanying documentation make a substantial showing of a constitutional violation." *People v. Edwards*, 197 Ill. 2d 239, 246 (2001).

¶ 12        If the defendant carries this burden, the court advances the petition to the third stage, where "the court may receive 'affidavits, depositions, oral testimony, or other evidence,' to weigh the merits of the petition and determine whether the defendant is entitled to relief." *People v. Allen*, 2015 IL 113135, ¶ 22 (quoting 725 ILCS 5/122-6 (West 2008)). Our supreme court has clarified that third stage hearings can involve either credibility and factual determinations or pure questions of law, where "no new evidence is presented." See *People v. English*, 2013 IL 112890,

¶ 23; see also *People v. Sanders*, 238 Ill. 2d 391, 398 (2010) (where "the court heard no new evidence; rather, the court reviewed the transcripts from the trial and heard arguments of counsel").

¶ 13    "[T]he defendant bears the burden of making a substantial showing of a constitutional violation" at both the second and third stages. *Pendleton*, 223 Ill. 2d at 473. "[T]he 'substantial showing' of a constitutional violation that must be made at the second stage [citation] is a measure of the legal sufficiency of the petition's well-pled allegations of a constitutional violation, which if proven at an evidentiary hearing, would entitle petitioner to relief." (Emphasis omitted.) *People v. Domagala*, 2013 IL 113688, ¶ 35. At the conclusion of the hearing, the court "determines whether to grant or deny the relief requested in the petition." *People v. Ramirez*, 162 Ill. 2d 235, 239 (1994).

¶ 14    Defendant first argues that the circuit court "erred in permitting counsel to withdraw from the case where she did not put her request in writing" because "[t]his procedure did not comply with the requirements set forth by the Illinois Supreme Court in *People v. Greer* [citation] and *People v. Kuehner* [citation]."

¶ 15    In *Greer*, our supreme court held that postconviction counsel appointed during second stage proceedings is not required to represent a defendant "after counsel determines that defendant's petition is frivolous and patently without merit" as "the attorney is clearly *prohibited* from [continuing representation] by his or her ethical obligations." (Emphasis in original.) *Greer*, 212 Ill. 2d at 209. In *People v. Kuehner*, 2015 IL 117695, ¶ 21, the court expanded on *Greer*, holding that when a postconviction petition "advances to the second stage by affirmative judicial action," "appointed counsel owes the trial court at least some explanation as to why, despite its superficial virtue, the *pro se* petition was *in fact* frivolous or patently without merit, and counsel

owes this explanation with respect to each of defendant's *pro se* claims." (Emphasis in original.) See *id.* ¶ 24 (postconviction counsel "provided no explanation as to why" the *pro se* petition "in fact [was] so utterly lacking in legal and factual support as to ethically compel her withdrawal from the case," leaving it to the courts "to figure it out themselves.").

¶ 16    Although *Kuehner* involved second stage postconviction proceedings, the instant postconviction petition was similarly advanced to the third stage by "affirmative judicial action," when the circuit court denied the State's motion to dismiss and granted a third stage hearing on defendant's involuntary intoxication affirmative defense claim. See *id.* ¶ 21. Unlike in *Kuehner*, counsel in this case orally explained that she wished to withdraw because the retained experts "[could] not testify to supply evidence to support [defendant's] defense." Nevertheless, defendant received no notice of counsel's intent to withdraw and was not given an opportunity to respond to the oral motion at the "final status" hearing. See *People v. Sherman*, 101 Ill. App. 3d 1131, 1133 (1981) ("vacat[ing] the circuit court's order on the ground that the defendant failed to receive notice of either his counsel's motion to withdraw or the prosecution's motion to dismiss the petition"); *People v. Elken*, 2014 IL App (3d) 120580, ¶ 36 (permitting postconviction counsel to withdraw and dismissing defendant's petition was improper where defendant had no notice of counsel's intent to withdraw). In addition, counsel should not have been allowed to withdraw simply because she was not in a position to present expert testimony at the third stage hearing. As previously discussed, a petitioner is not limited to presenting "new evidence" at a third stage proceeding. See s*upra* ¶ 12.

¶ 17    In *Elken*, 2014 IL App (3d) 120580, ¶ 32, also a second stage postconviction case, counsel "filed no motion to withdraw and gave no notice to defendant of his intent to withdraw." Like the instant case, counsel orally asserted that defendant's postconviction petition had no

merit, but he did not move to withdraw. On review, the Third District found that the trial court improperly allowed counsel to withdraw, holding that "[t]he appropriate procedure under these circumstances would be for appointed counsel to file a motion to withdraw, giving defendant notice of the same." *Id.* ¶ 36. Likewise, we find that the appropriate procedure in this case would have been for appointed counsel to file a motion to withdraw, giving defendant notice and a meaningful opportunity to respond.

¶ 18        Defendant also argues that he should have been provided "an opportunity to acquire new counsel or to proceed with his claim *pro se.*" The State maintains that "defendant has forfeited this claim" because "defendant never advised the court that he wanted to continue with the third stage proceedings either *pro se* or with an attorney." Since defendant was not given a meaningful opportunity to advise the court of his position prior to the court indicating that new counsel would not be appointed, this argument is without merit.

¶ 19        Finally, defendant argues that the circuit court erred in dismissing his petition because "the State was required to file a written motion to dismiss and [defendant] was not given an opportunity to respond." The State maintains, without citation to authority, that "[h]aving already filed a motion to dismiss at the second stage of proceedings, there was no need for the [State] to file another motion to dismiss at the third stage."[1]

¶ 20        "[T]he 'substantial showing' of a constitutional violation that must be made at the second stage [citation] is a measure of the legal sufficiency of the petition's well-pled allegations ***, *which if proven* at an evidentiary hearing, would entitle petitioner to relief." (Emphasis in original.) *Domagala*, 2013 IL 113688, ¶ 35. Because defendant's postconviction petition had

---

[1]In its written motion filed at the second stage, the State argued that defendant failed to make a substantial showing of a constitutional violation because he did not include affidavits from doctors who would support his involuntary intoxication claim.

already advanced to the third stage, he was entitled to present proof in support of his petition at a third stage hearing. See 725 ILCS 5/122-6 (West 2000) ("The court may receive proof by affidavits, depositions, oral testimony, or other evidence."); see also *English*, 2013 IL 112890, ¶¶ 23-24. Moreover, defendant had no notice of the State's oral motion to dismiss his petition at the "final status" hearing and no opportunity to respond to the merits of the motion. See, *e.g.*, *People v. Bounds*, 182 Ill. 2d 1, 5 (1998) (reversing the circuit court's dismissal of defendant's postconviction petition where "[t]he scheduled hearing *** was for a status report only. There was no notice *** that defendant's post-conviction petition would be ruled upon").

¶ 21       Under these circumstances, where the matter was scheduled for a "final status" hearing and defendant had no notice that his attorney intended to withdraw or his petition was going to be ruled upon, the court erred in allowing counsel to withdraw and dismissing defendant's postconviction petition. We offer no opinion as to whether defendant will prevail at a third stage hearing, but he is entitled to be given an opportunity to present proof "by affidavits, depositions, oral testimony, or other evidence." 725 ILCS 5/122-6 (West 2000).

¶ 22                              III. CONCLUSION

¶ 23       For the foregoing reasons, we reverse the judgment of the circuit court and remand this case for further third stage proceedings, including reappointing the Office of the Cook County Public Defender to represent defendant.

¶ 24       Reversed and remanded.

---

**No. 1-19-0442**

---

| | |
|---|---|
| **Cite as:** | *People v. McMillen*, 2021 IL App (1st) 190442 |

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 93-CR-2883501; the Hon. William H. Hooks, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | James E. Chadd, Catherine K. Hart, and Karl H. Mundt, of State Appellate Defender's Office, of Springfield, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Kimberly M. Foxx, State's Attorney, of Chicago (Alan J. Spellberg, Clare Wesolik Connolly, and Miles J. Keleher, Assistant State's Attorneys, of counsel), for the People. |