2022 IL App (2d) 200279
No. 2-20-0279
Opinion filed April 14, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Winnebago County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 07-CF-3052 |
| EDWARD L. BRYANT, | ) ) ) | Honorable Randy Wilt, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HUTCHINSON delivered the judgment of the court, with opinion.
Justices Jorgensen and Birkett concurred in the judgment and opinion.

**OPINION**

¶ 1    We consider in this case the proper procedure for appointed counsel to withdraw from postconviction proceedings per our supreme court's decision in *People v. Kuehner*, 2015 IL 117695. We hold that such a motion cannot be granted unless the record shows defendant has had an opportunity to respond to it.

¶ 2                                    I. BACKGROUND

¶ 3    In 2006, defendant, Edward L. Bryant, was charged with first degree murder (720 ILCS 5/9-1(a)(2) (West 2006)) in the death of his neighbor, William Jacobson. Jacobson was found beaten to death in the basement inside his home. A bloodied brick and a table leg were found at the crime scene, and Jacobson's blood was found on a pair of defendant's shorts.

¶ 4    Defendant's roommate, Patricia Smith, testified that she heard voices at Jacobson's house and the sound of "metal" falling over in the basement. She then heard Jacobson call out, " 'Ed' "— defendant's first name. Smith also identified the camouflage shorts (with Jacobson's blood on them) as the ones defendant had been wearing the night of the murder. She testified pursuant to a cooperation agreement to dismiss a residential burglary charge, because, after Jacobson was killed, she entered his home and stole some items. Prince Bey, defendant's fellow inmate, jailed on drug charges, testified that defendant said that he "got into it with some old man" over having paid someone else money defendant felt he was owed and that defendant hit the man in the head. Defendant testified that he believed that he got Jacobson's blood on his shorts a week before the murder, when Jacobson cut his lip and spit out some beer, and then the wind blew the bloodied mist onto defendant's shorts.

¶ 5    A jury found defendant guilty, and the trial court (Judge Rosemary Collins) sentenced him to the maximum nonextended term of 60 years' imprisonment. We affirmed defendant's conviction and sentence on direct appeal. *People v. Bryant*, 2013 IL App (2d) 110994-U.

¶ 6    In March 2014, defendant filed a *pro se* postconviction petition in which he asserted several claims, including ineffective assistance of trial counsel, largely for failure to investigate possible impeachment evidence—specifically, regarding Smith's mental health history (at trial, she disclosed that she was bipolar, on medication, and smoked crack cocaine daily, including the night of the murder) and other inmates' claims that they heard Bey say that he lied about hearing defendant admit killing Jacobson. Defendant also alleged that his counsel failed to show him all of the State's discovery, including the video of his interrogation.

¶ 7    The trial court (again, Judge Collins) reviewed the petition, advanced it to the second stage of postconviction proceedings, and appointed Assistant Public Defender Gary Pumilia. Pumilia

later withdrew because he was mentioned as a possible witness in the petition, and the court appointed attorney Patrick E. Braun as counsel for defendant in July 2014.

¶ 8    Over the next few years, Braun represented to the court that he was reviewing the record and communicating with defendant. Braun also sought and received all of the State's trial discovery in May 2018.

¶ 9    On December 6, 2019, Braun advised the court (now Judge Randy Wilt) that he had sent a copy of the amended postconviction petition to defendant for his review and that the two had corresponded on its contents and the need for additional case citations. On Braun's motion, the case was again continued.

¶ 10    On January 31, 2020, Braun moved to withdraw pursuant to *Kuehner*, 2015 IL 117695. As part of his 10-page motion, Braun set forth the claims from defendant's *pro se* petition and explained why each lacked arguable merit. In addition, Braun also filed a certificate under Illinois Supreme Court Rule 651(c) (eff. July 1, 2017), stating that he consulted with defendant by mail, examined the record, and made any amendments necessary to present defendant's claims. The court asked Braun to send to defendant a copy of the motion to withdraw, and Braun said that he would. Braun then asked if the court wanted to issue a writ for defendant to appear at the next date, to which the court replied, "That's not a bad idea. We should bring him back." Braun stated that he would prepare the writ, and the case was continued. We note, too, that the docket entry for that date states, "Defendant to be writ back to address defense counsel's motion. Cause [c]ontinued."

¶ 11    On March 6, 2020, Braun returned to court, but defendant was not present. It appears that no writ was ever filed to bring defendant to court and his absence was never addressed.

¶ 12    Braun told the court that he had sent to defendant a copy of his motion to withdraw and that defendant had asked the court to appoint another attorney for him if Braun's motion was

granted. The court stated that it viewed Braun's motion to withdraw as an "*Anders* brief." *Anders v. California*, 386 U.S. 738 (1967). The court granted the motion to withdraw and denied defendant's request for the appointment of new counsel. The court initially said that it would give defendant until May 1, 2020, to file an amended petition, but then the court recalled the case *sua sponte* and said that it would "modif[y]" its prior order and "enter an order dismissing the postconviction petition."

¶ 13    Defendant filed a notice of appeal, which included as an exhibit a copy of the amended petition Braun prepared on his behalf, and the trial court appointed the Office of the State Appellate Defender to represent him.

¶ 14                                  II. ANALYSIS

¶ 15    On appeal, defendant contends that he was denied a "meaningful opportunity" (*People v. McMillen*, 2021 IL App (1st) 190442, ¶ 17) to respond to Braun's motion to withdraw before the trial court granted it and dismissed his postconviction petition. The State asserts that defendant "was both informed of Braun's intent to withdraw, and his response was represented to the trial court." We review for an abuse of discretion the trial court's decision on postconviction counsel's motion to withdraw. *People v. Richey*, 2017 IL App (3d) 150321, ¶ 20 (citing *People v. Catalano*, 29 Ill. 2d 197, 204 (1963)). Having applied that standard, we agree with defendant that the court abused its discretion in this case.

¶ 16    The Post-Conviction Hearing Act sets forth a procedure by which a criminal defendant may assert that his conviction was based on a substantial denial of his rights under the federal or state constitutions or both. 725 ILCS 5/122-1(a)(1) (West 2020). At the second stage, indigent defendants are entitled to appointment of postconviction counsel. *Id.* § 122-4. Both retained and

appointed counsel must supply reasonable assistance at the second stage of postconviction proceedings. *People v. Cotto*, 2016 IL 119006, ¶ 42; see also Ill. S. Ct. R. 651(c) (eff. July 1, 2017).

¶ 17    "Reasonable assistance" does not require counsel to advance frivolous or spurious claims on a defendant's behalf. In *People v. Greer*, 212 Ill. 2d 192, 209 (2004), our supreme court held that postconviction counsel may seek leave to withdraw if "counsel determines that [the] defendant's petition is frivolous and patently without merit" and counsel feels that he or she cannot ethically continue to advance the defendant's claims. This, the court noted, is similar to the procedure set forth in *Anders*, 386 U.S. 738, which permits counsel to seek leave to withdraw on direct appeal. *Greer*, 212 Ill. 2d at 209. In *Kuehner*, 2015 IL 117695, the court expanded on *Greer* to hold that appointed counsel's oral motion to withdraw is insufficient. Rather, counsel must file a written motion explaining why *each* of the defendant's *pro se* claims lacks merit. *Id.* ¶ 24.

¶ 18    Although there is no constitutional right to counsel in state postconviction proceedings (*Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *People v. Urzua*, 2021 IL App (2d) 200231, ¶ 62), there is a through-line in the procedure set out in the United States Supreme Court's decision in *Anders* and our supreme court's decisions in *Kuehner* and *Greer*. In *Anders*, the Court held that, when an attorney appointed to represent an indigent defendant finds a case wholly frivolous on direct appeal,

> "he should so advise the [reviewing] court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished [to] the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous." *Anders*, 386 U.S. at 744.

¶ 19    Consistent with *Anders*, *Kuehner*, and *Greer*, several appellate court decisions have held that the defendant must be given notice of *postconviction* counsel's motion to withdraw and "a meaningful opportunity to respond" to the motion. *McMillen*, 2021 IL App (1st) 190442, ¶ 17; see also *People v. Elken*, 2014 IL App (3d) 120580, ¶ 36; *People v. Sherman*, 101 Ill. App. 3d 1131, 1133 (1981). That is, the "defendant should be afforded the opportunity to prepare for such an attack on his petition" by counsel "and to make any arguments in rebuttal." *Elken*, 2014 IL App (3d) 120580, ¶ 36. That did not happen here.

¶ 20    The State suggests that Braun's statements to the court—both that he notified defendant of his motion to withdraw and that defendant wanted new counsel in the event the motion was granted—were sufficient to convey defendant's thoughts on counsel's motion. We disagree. Due process requires notice and an opportunity to be heard *before* the matter is decided. See *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976); *Valerius v. Perry*, 342 Ill. 147, 148 (1930). Braun merely voiced defendant's general opposition to the motion to withdraw; defendant was never brought before the court or given an opportunity to file a response to the motion. Moreover, defendant was never given notice that on March 6, 2020, the trial court would consider his petition on the merits. *Cf. People v. Bounds*, 182 Ill. 2d 1, 5 (1998) (reversing dismissal of postconviction petition where "[t]he scheduled hearing *** was for a status report only" and "[t]here was no notice *** that defendant's post-conviction petition would be ruled upon").

¶ 21    Although the parties do not address it, we note that Illinois Supreme Court Rule 13(c) (eff. July 1, 2017) provides that, if counsel's motion to withdraw is granted, the party would have 21 days to secure new counsel or file an appearance. Granting a motion to withdraw without a 21-day stay violates this rule. See, *e.g.*, *In re M.B.*, 2019 IL App (2d) 181008, ¶ 26.

¶ 22 Here, the failure to give defendant "sufficient time to respond" to the motion to withdraw "resulted in effectively depriving him of any representation at the hearing which ultimately ended in the dismissal of his petition." *Sherman*, 101 Ill. App. 3d at 1133. Accordingly, we hold that, when postconviction counsel files a motion to withdraw, the defendant *must* be given an opportunity to respond *before* the court can rule on counsel's motion. See *McMillen*, 2021 IL App (1st) 190442, ¶ 17. Once the defendant has had an opportunity to do so, the court can then evaluate counsel's motion and decide if it should be granted or denied. This procedure gives the court and counsel the benefit of the defendant's opinion on any issue that might have been overlooked in counsel's motion to withdraw. It also "obviates any opportunity for a defendant to argue that he was blindsided by his appointed counsel's arguments." *Elken*, 2014 IL App (3d) 120580, ¶ 36.

¶ 23 Defendant also contends that Braun did not supply reasonable assistance under Rule 651(c). The crux of this claim is that, in Braun's motion to withdraw, he stated that defendant's trial counsel "introduced" Jacobson's bank records into evidence at trial to show that Jacobson withdrew money from an ATM before he was murdered. As defendant correctly points out, the victim's Jacobson's bank records were *not* offered or admitted at trial. The State concedes that Braun's statement was incorrect, but it nevertheless argues that Braun's misstatement can be disregarded because the bank records pertained to the largely collateral issue of when Jacobson went to the ATM, and not when and how he was killed. As the State puts it, one mistake in counsel's review of a 2600-page trial record does not render counsel's representation unreasonable.

¶ 24 The State's position is certainly reasonable, but as we are already remanding this case, we need not decide the issue. Presumably, on remand, Braun will have an opportunity to correct this misstep, just as defendant will have an opportunity, if he so chooses, to reply to Braun's motion to

withdraw. We hasten to add that nothing we have said should be construed as an opinion on the merits of Braun's motion or on defendant's postconviction petition. Those are matters for the trial court to decide on remand.

¶ 25    We close with one final observation. Braun was appointed as defendant's postconviction counsel in July 2014 and did not move to withdraw until January 2020. That means that it took *5½ years* before Braun made the decision that he could no longer carry on as defendant's postconviction counsel. That delay is inexplicable, particularly in light of the fact that Braun's motion to withdraw asserts that almost all of defendant's postconviction claims are contradicted by the record on direct appeal. At oral argument, we asked counsel for the State if she could see any reason for such a delay, and, to her credit, she replied that she could not. We thank counsel for her candor.

¶ 26    It is often pointed out that the standard of "reasonable assistance" is less rigorous than the constitutional guarantee of "effective assistance" as described in *Strickland v. Washington*, 466 U.S. 668 (1984), and *Anders*. That said, it is difficult to reconcile *either* standard for evaluating counsel's performance with the glacial pace of postconviction litigation in this case. Recall that it took the original trial court judge less than 90 days to review the record and make a determination on the merits of defendant's claims at the first stage. While postconviction counsel is not on a similar deadline, we do not think it is asking too much for counsel to seasonably arrive at the conclusion that a case has so little merit that he or she cannot ethically continue to represent the defendant and to inform the defendant and the court accordingly.

¶ 27                                    III. CONCLUSION

¶ 28    The order granting Braun leave to withdraw and dismissing defendant's postconviction petition is vacated, and this cause is remanded for further proceedings consistent with this opinion.

¶ 29    Vacated and remanded.

**No. 2-20-0279**

| | |
|---|---|
| **Cite as:** | *People v. Bryant*, 2022 IL App (2d) 200279 |
| **Decision Under Review:** | Appeal from the Circuit Court of Winnebago County, No. 07-CF-3052; the Hon. Randy Wilt, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Douglas R. Hoff, and Benjamin Wimmer, of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | J. Hanley, State's Attorney, of Rockford (Patrick Delfino, Edward R. Psenicka, and Victoria E. Jozef, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |