**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 190670-U

Order filed October 28, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal Nos. 3-19-0670 and 3-19-0671 Circuit Nos. 05-CF-614 and 06-CF-79 |
| DONALD COLLINS, | ) ) ) | Honorable Daniel L. Kennedy, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE DAUGHERITY delivered the judgment of the court.
Presiding Justice O'Brien and Justice Peterson concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:  The record does not show that postconviction counsel complied with Rule 651(c). Defendant was denied due process regarding counsel's motion to withdraw.

¶ 2    Defendant, Donald Collins, appeals the Will County circuit court's decisions dismissing his postconviction petition and granting postconviction counsel's motion to withdraw. Defendant argues that postconviction counsel failed to comply with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) and did not provide reasonable assistance. He further argues that he was denied due

process in regard to counsel's motion to withdraw because he was not given proper notice and a meaningful opportunity to respond. We reverse and remand with directions.

¶ 3                                    I. BACKGROUND

¶ 4        Defendant was found guilty of criminal sexual assault (720 ILCS 5/12-13(a)(4) (West 2004)) and two counts of aggravated criminal sexual abuse (*id.* § 12-16(d)). One count of aggravated criminal sexual abuse merged into the criminal sexual assault charge, and defendant was sentenced to 15 years' imprisonment for criminal sexual assault and a consecutive sentence of 7 years' imprisonment for one count of aggravated criminal sexual abuse. Defendant filed a direct appeal, and this court affirmed but awarded him additional sentencing credit. *People v. Collins*, No. 3-07-0030 (2009) (unpublished order under Illinois Supreme Court Rule 23). Defendant also filed an unsuccessful postconviction petition. *People v. Collins*, 2012 IL App (3d) 100400-U.

¶ 5        Defendant then filed a motion for leave to file a successive postconviction petition which the court ultimately granted. The court advanced the matter to second-stage proceedings and appointed postconviction counsel to represent defendant. Various status hearings were held in which counsel advised the court of his progress in obtaining and reviewing the file and transcripts. At a hearing in February 2019, counsel told the court that he had reviewed the transcripts and needed time to communicate with defendant. In April, counsel filed a motion to withdraw because he believed defendant's claims were meritless. The motion noted the materials reviewed by counsel, including the transcripts of the proceedings and "Correspondence from the Defendant to Counsel." Counsel represented to the court that he sent defendant a letter in March instructing defendant he was filing the motion to withdraw and defendant had not responded.

Counsel told the court that they were setting the matter for a hearing in June and the State was going to writ defendant in. Counsel did not file a Rule 651(c) certificate.

¶ 6 At the hearing in June, the court asked if postconviction counsel spoke with defendant, and he stated "I did talk to him, [Y]our Honor. Also, before today's date we have been writing back and forth." The court inquired if defendant had an objection to counsel's motion to withdraw, and counsel stated he did not know. Defendant said that counsel had just handed it to him. Defendant eventually stated he was objecting to not having an attorney and the court stated "Well, I take it he's objecting to you not withdrawing, [counsel]. But where do we go from here? Do you want to have the hearing now or in the future?" Counsel responded, "We can have the hearing now if [Y]our Honor wants." The court heard the motion, and defendant stated he was objecting because counsel did not have all the information, never spoke to him on the phone, and never saw him in person. After counsel argued why the motion should be granted, defendant responded arguing why his claim had merit. The court granted the motion. It later granted the State's motion to dismiss. Defendant appeals.

¶ 7 II. ANALYSIS

¶ 8 A. Reasonable Assistance/Rule 651(c) Compliance

¶ 9 Defendant argues that postconviction counsel failed to comply with Rule 651(c) and he was not provided reasonable assistance of postconviction counsel.

¶ 10 The Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2018)) provides a process for a criminal defendant to assert that his conviction resulted from a substantial denial of his rights under the United States Constitution, the Illinois Constitution, or both. *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). A defendant is only entitled to reasonable assistance from postconviction counsel. *People v. Perkins*, 229 Ill. 2d 34, 42 (2007). To ensure defendant

3

receives reasonable assistance, Rule 651(c) requires a showing in the record, which may be made by way of a certificate from counsel, that counsel consulted with the petitioner "to ascertain his or her contentions of deprivation of constitutional rights," examined the record of the proceedings at trial, and made any necessary amendments to the *pro se* petition. Ill. S. Ct. R. 651(c) (eff. July 1, 2017). "If counsel fails to file a certificate of compliance with Rule 651(c), a reviewing court is not entitled to assume that counsel has complied with the rule; rather, there must be an explicit showing in the record that the rule's requirements have been met." *People v. Myers*, 386 Ill. App. 3d 860, 865 (2008). When the record does not show counsel's compliance with Rule 651(c) remand is required regardless of the petition's merits. *People v. Saurez*, 224 Ill. 2d 37, 47, 52 (2007).

¶ 11     Here, postconviction counsel failed to file a Rule 651(c) certificate. Additionally, the record does not establish that counsel complied with the requirements of Rule 651(c). The record indicates that counsel expressed his intention to communicate with defendant and shows that he notified defendant he was preparing to file the motion to withdraw. The motion to withdraw indicates counsel reviewed correspondence from defendant but does not indicate if that correspondence was sent to him or if it was correspondence to trial counsel that was a part of the file. Additionally, it does not state that counsel communicated with defendant in any manner to ascertain defendant's contentions of constitutional deprivations. Although counsel told the court he spoke to defendant and had previously communicated through correspondence, he again did not indicate anything regarding the substance of those communications or that they involved ascertaining defendant's contentions of constitutional deprivations. Based on the foregoing, we cannot say that the record explicitly shows that counsel consulted with defendant to ascertain his contentions as required by Rule 651(c). Therefore, we reverse the circuit court's decisions

4

allowing counsel to withdraw and dismissing the postconviction petition and remand for *de novo* second-stage proceedings. See *id.* at 47, 52. Nothing in this order should be construed as stating a position on the merits of defendant's postconviction petition as remand is necessary regardless of the merits. See *id.*

¶ 12                                    B. Due Process

¶ 13    Defendant also argues that he was denied due process in regard to postconviction counsel's motion to withdraw.

¶ 14    In regard to a postconviction counsel's motion to withdraw, due process requires that defendant be given notice of the motion and a meaningful opportunity to respond to the motion. *People v. Bryant*, 2022 IL App (2d) 200279, ¶ 19. This court has previously stated that a defendant should be given notice of counsel's motion to withdraw because it "allows defendant to prepare to argue against appointed counsel's motion" and "obviates any opportunity for a defendant to argue that he was blindsided by his appointed counsel's arguments." *People v. Elken*, 2014 IL App (3d) 120580, ¶ 36.

¶ 15    Here, defendant was given notice that postconviction counsel was preparing to file a motion to withdraw. However, the record indicates that he was not actually given a copy of the motion until the hearing. Moreover, the record does not indicate that defendant was provided prior notice that the motion to withdraw would be heard when he was brought to court in June and notably, the court itself seemed unclear whether the motion would be heard that day. Consequently, defendant had no opportunity to prepare an argument against counsel's motion, and we cannot say that he was given adequate notice and a meaningful opportunity to be heard. Therefore, reversal and remand is also warranted due to the lack of due process. On remand, if

counsel moves to withdraw, defendant shall be provided sufficient notice and meaningful opportunity to respond to counsel's motion.

¶ 16                    III. CONCLUSION

¶ 17          The judgment of the circuit court of Will County is reversed and remanded with directions.

¶ 18          Reversed and remanded with directions.