2022 IL App (3d) 200017

Opinion filed July 14, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois, |
| Plaintiff-Appellee, | ) | |
| v. | ) ) | Appeal No. 3-20-0017 Circuit No. 11-CF-804 |
| | ) | |
| CLARENCE L. TRIPLETT, | ) ) | Honorable Paul P. Gilfillan, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HAUPTMAN delivered the judgment of the court, with opinion.
Justice Holdridge concurred in the judgment and opinion.
Justice Schmidt dissented, with opinion.

_____

**OPINION**

¶ 1        Defendant, Clarence L. Triplett, appeals from the Peoria County circuit court's dismissal

of his postconviction petition. Defendant argues the court erred in hearing defense counsel's

motion to withdraw at the same hearing it granted the State's motion to dismiss the petition. We

reverse and remand.

¶ 2                                    I. BACKGROUND

¶ 3        On August 22, 2011, a grand jury indicted defendant on one count of criminal sexual

assault (720 ILCS 5/12-13(a)(1) (West 2010)) and two counts of aggravated criminal sexual assault

(*id.* § 12-14(a)(1), (8)). While charges were pending, defense counsel requested defendant be evaluated for fitness to stand trial. The circuit court granted the request. Two doctors evaluated defendant; however, neither could provide an opinion regarding defendant's fitness. Both doctors noted that defendant appeared to be malingering and did not participate in the evaluation in any meaningful manner. Counsel did not request a third evaluation.

¶ 4　　　　On November 3, 2013, defendant entered a partially negotiated plea agreement. As part of the agreement, defendant pled guilty to one count of aggravated criminal sexual assault, and the State dismissed the remaining counts. The State also agreed to cap its sentencing recommendation at 55 years' imprisonment. At the plea hearing, the court explained to defendant the nature of the charges, the possible sentencing ranges, and that he had the right to a trial. Defendant told the court that he took psychiatric medications but that they did not affect his ability to understand the proceedings. He further stated that he understood the plea agreement and had discussed the offer with his attorney. The court accepted defendant's plea and sentenced him to 50 years' imprisonment. Defendant did not file any postplea motions nor did he file a direct appeal.

¶ 5　　　　On July 18, 2017, defendant filed, as a self-represented litigant, a postconviction petition. He claimed that he received ineffective assistance of plea counsel for his failure to file a motion to reduce his sentence and for not bringing up his psychiatric disorders because they hindered his ability to assist in his own defense. Defendant argued that his late filing was not due to his own culpable negligence because his mental illness prevented him from filing the petition within the required timeframe. The court set the petition for second-stage proceedings and appointed counsel. Postconviction counsel filed an amended petition on defendant's behalf. The amended petition argued that plea counsel was ineffective because he failed to raise defendant's mental health issues.

¶ 6    In response, the State filed a motion to dismiss defendant's postconviction petition and provided defendant's counsel with a copy. The State argued the petition was untimely and defendant failed to allege sufficient facts to show the late filing was not due to his culpable negligence. Further, the State argued that the issues in the petition were waived because they could have been raised on direct appeal and defendant had not done so. The motion also noted that defendant had received two evaluations by qualified doctors, and neither were able to give the opinion that defendant was unfit to stand trial or assist in his own defense.

¶ 7    Postconviction counsel then filed a motion to withdraw, stating that upon investigating the allegations in the State's motion to dismiss, he found no meritorious claims in defendant's petition. Counsel stated that he did not learn of defendant's fitness evaluations until preparing for the State's motion and that plea counsel could not be deemed ineffective for failing to raise defendant's disorders when two doctors opined that he was malingering. Defendant sent a letter to the court in response to postconviction counsel's motion, stating that he had a severe mental illness and needed legal assistance.

¶ 8    The court held a hearing on postconviction counsel's motion to withdraw and the State's motion to dismiss the postconviction petition on January 10, 2020. Postconviction counsel's motion to withdraw proceeded first. Counsel argued that he moved to withdraw because the issues raised in the petition were without merit. Plea counsel requested two examinations of defendant, therefore postconviction counsel could not in good faith argue ineffective assistance when defendant's mental health was indeed examined. As to defendant's argument that plea counsel was ineffective for failing to file a motion to reconsider his sentence, postconviction counsel provided caselaw holding that an argument of excessiveness of a sentence is not a constitutional issue if the

sentence is within the statutory limits, as was defendant's case, and that defendant's argument was therefore without merit.

¶ 9     The court gave defendant an opportunity to respond to postconviction counsel's argument, and defendant stated that he never spoke with his plea counsel and that counsel never visited him at the jail. Defendant needed counsel because he did not know the law and he was not in his right mind when he pled guilty.

¶ 10    The court then asked for the State's argument in support of its motion to dismiss. The State argued that defendant's claims were contradicted by the record and fitness evaluations. The State also argued that the petition itself was untimely and defendant did not provide sufficient proof to excuse the delay. The court gave defendant an opportunity to respond to the State's argument. Defendant stated that he felt "railroaded" and misled.

¶ 11    The court then ruled on both motions, explaining:

> "I have heard all of the arguments on all of the motions and all of the responses. And the Motion to Withdraw of your attorney is allowed for the reasons stated. Your response that you need help was provided for in the case. You were given help. He looked into it.
>
> * * *
>
> And concomitantly the State's Motion to Dismiss for the same reasons and additional reasons is granted as well. So your post-conviction petition is over at this stage. It's been dismissed."

4

¶ 12                                   II. ANALYSIS

¶ 13          On appeal, defendant argues the court erred in hearing both motions at the same time because it did not give him notice or opportunity to prepare for or be heard on the State's motion to dismiss.

¶ 14          A postconviction proceeding is a collateral attack upon a defendant's conviction. *People v. Rogers*, 197 Ill. 2d 216, 221 (2001). The circuit court does not redetermine a defendant's guilt; it only examines any constitutional and due process issues that may have been missed on earlier review. *Id.* at 220-21. Denying a postconviction petition without an evidentiary hearing is subject to *de novo* review. *People v. Marshall*, 381 Ill. App. 3d 724, 730 (2008).

¶ 15          Postconviction counsel cannot argue against a defendant's interests by requesting dismissal of his client's postconviction petition. See *People v. Shortridge*, 2012 IL App (4th) 100663, ¶ 15. If postconviction counsel finds defendant's claims are frivolous or patently without merit, he must file a motion to withdraw. *People v. Elken*, 2014 IL App (3d) 120580, ¶ 36. If the State has filed a motion to dismiss, postconviction counsel "is then, in essence, 'confessing' that the defendant has no viable arguments and is, in essence, agreeing that the petition should be dismissed." *Id.* A motion to dismiss argued at a hearing where postconviction counsel also argues to withdraw is problematic "because a motion to withdraw separates defense counsel's interests from those of the defendant." *People v. Jackson*, 2015 IL App (3d) 130575, ¶ 23.

¶ 16          Here, the court erred in simultaneously hearing and ruling on postconviction counsel's motion to withdraw and the State's motion to dismiss defendant's postconviction petition. Doing so effectively deprived defendant of an opportunity to respond to the State's motion to dismiss because he was represented by counsel who moved to withdraw at the start of the hearing. Because the court did not grant counsel's motion before proceeding with the postconviction hearing,

5

defendant was forced to rely on his attorney's representation. See *People v. Patrick*, 406 Ill. App. 3d 548, 564 (2010) ("When a defendant is represented by counsel, he generally has no authority to file *pro se* motions, and the court should not consider them."). Counsel also could not effectively advocate for defendant where counsel simultaneously agreed with the State that defendant's petition was meritless in an effort to withdraw from the case. Moreover, defendant, as someone who does not understand the law, "cannot be expected to jump up at a hearing and voice his objections while his attorney is actively arguing against his interests." *Elken*, 2014 IL App (3d) 120580, ¶ 35. Instead, defendant "should be afforded the opportunity to prepare for such an attack on his petition and to make any arguments in rebuttal." *Id.* ¶ 36. Defendant was denied that opportunity here.

¶ 17        "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.' " *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). Further, "the protection of a defendant's right to procedural due process in post-conviction proceedings is of critical importance." *People v. Kitchen*, 189 Ill. 2d 424, 435 (1999).

¶ 18        In this case, due process required that defendant receive notice of the State's motion to dismiss and an opportunity to respond. See *People v. Sherman*, 101 Ill. App. 3d 1131, 1133-34 (1981). The record establishes that defendant was not provided with proper notice of the State's motion to dismiss because the motion was provided to counsel and defendant was not informed that he would have to argue against the motion himself. Additionally, because counsel was withdrawing, defendant required additional time to either prepare his own response to the State's motion, retain private counsel, or request that the court exercise its discretion to appoint new counsel. See *People v. Hayes*, 2016 IL App (3d) 130769, ¶ 17 (while defendant is not entitled to

6

new appointed counsel, defendant is free to proceed on his own or find private counsel to represent him); see also *Jackson*, 2015 IL App (3d) 130575, ¶ 17 (court may appoint new counsel but is not required to do so). Therefore, the court erred in granting the State's motion to dismiss immediately after allowing postconviction counsel to withdraw because this combined proceeding did not provide defendant with sufficient notice or an opportunity to be heard.

¶ 19                                    III. CONCLUSION

¶ 20       The judgment of the circuit court of Peoria County is reversed and remanded for further proceedings.

¶ 21       Reversed and remanded.

¶ 22       JUSTICE SCHMIDT, dissenting:

¶ 23       Before we get to legal niceties of why the majority is wrong, let us try an exercise in common sense. The trial court granted counsel's motion to withdraw based on a finding that defendant's petition is frivolous and without merit. This is the same argument raised by the State in its motion to dismiss. So, the two motions were virtually identical in substance. Why did the trial court grant the motion to withdraw? Because a lawyer is prohibited from making spurious arguments before the court.

¶ 24       By the way, the order granting counsel's motion is unchallenged on appeal. If it is unethical for a lawyer to proceed with a case, is it okay for a layman to go ahead and waste the court's time? Hint: What do we routinely do with *Anders* and *Finley* cases (see *Anders v. California*, 386 U.S. 738 (1967); *Pennsylvania v. Finley*, 481 U.S. 551 (1987)) even in the absence of a motion to dismiss by the State? Once counsel is allowed to withdraw on the basis that the case has no merit, the only logical next step is to dismiss the matter.

7

¶ 25     The majority holds that a defendant who lacks counsel to defend his interests has the right to notice of the State's motion to dismiss his postconviction petition and the opportunity to be heard. Defendant was afforded that right here. Defendant received notice of the motion to dismiss and of the upcoming hearing on said motion. Defendant was in court for the presentation of both this motion and postconviction counsel's motion to withdraw. Defendant responded to postconviction counsel's motion prior to the court date. Defendant had both notice and the opportunity to prepare for hearing on both motions.

¶ 26     An attorney who seeks to withdraw does so because he has determined that amending defendant's petition would be unethical and in direct violation of Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018) because no viable claim may be made on defendant's behalf. *Elken*, 2014 IL App (3d) 120580, ¶ 36. Any other counsel appointed to the matter "would be obliged to withdraw for precisely the same reasons that led his or her predecessor to withdraw." *People v. Thomas*, 2013 IL App (2d) 120646, ¶ 7. Further, when postconviction counsel files a motion to withdraw, he must give his reasons for doing so. By providing reasons, he essentially agrees that the court should dismiss defendant's postconviction petition. *Elken*, 2014 IL App (3d) 120580, ¶ 36. As such, there is no error in the circuit court's decision to combine the hearings for postconviction counsel's motion to withdraw with the State's motion to dismiss. Both motions achieve the same outcome: dismissing defendant's petition because it is meritless. It would be useless to allow an attorney to withdraw based on the court's finding that defendant's claims are meritless and then allow defendant to proceed on the same meritless claims. The only action that makes sense logically and efficiently is to dismiss defendant's petition.

¶ 27     Additionally, there is no need to remand the cause. There has already been a hearing on defendant's postconviction petition, and both defendant's former attorney and the court found the

petition to be without merit. Remanding the petition for further proceedings will inevitably result in the same outcome regardless of the order of operations.

¶ 28        Respectfully, the circuit court properly dismissed defendant's postconviction petition.

2022 IL App (3d) 200017

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Peoria County, No. 11-CF-804; the Hon. Paul P. Gilfillan, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Douglas R. Hoff, and Peter Sgro, of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Jodi Hoos, State's Attorney, of Peoria (Patrick Delfino and Thomas D. Arado, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |