**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 200017-UB

Order filed March 17, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-20-0017 Circuit No. 11-CF-804 |
| CLARENCE L. TRIPLETT, | ) ) ) | Honorable Paul P. Gilfillan, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE BRENNAN delivered the judgment of the court.
Presiding Justice Holdridge and Justice Peterson concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:  The circuit court erred in granting the State's motion to dismiss during the same hearing it granted postconviction counsel's motion to withdraw, but this error was harmless.

¶ 2    Defendant, Clarence L. Triplett, appealed the Peoria County circuit court's order granting the State's motion to dismiss his postconviction petition. Defendant argued that the court erred in hearing postconviction counsel's motion to withdraw at the same hearing it granted the State's motion to dismiss the petition. On July 14, 2022, we found that defendant's right to due process

was violated and we reversed and remanded. *People v. Triplett*, 2022 IL App (3d) 200017, ¶¶ 18, 20. The State filed a petition for leave to appeal to the supreme court. Our supreme court denied leave and entered a supervisory order directing us to vacate our judgment and consider the effects of *People v. Pingelton*, 2022 IL 127680. In light of our supreme court's decision in *Pingelton*, we now affirm.

¶ 3                                    I. BACKGROUND

¶ 4        The State charged defendant with one count of criminal sexual assault (720 ILCS 5/12-13(a)(1) (West 2010)) and two counts of aggravated criminal sexual assault (*id.* § 12-14(a)(1), (8)). Defense counsel questioned defendant's fitness to stand trial and sought an evaluation of defendant. The court granted the request and two doctors evaluated defendant. Neither doctor could provide an opinion regarding defendant's fitness to stand trial because defendant did not meaningfully participate in the evaluations. Additionally, both doctors indicated that defendant was malingering.

¶ 5        Defendant agreed to plead guilty to one count of aggravated criminal sexual assault in exchange for the State dismissing the remaining charges and recommending a sentencing cap of 55 years' imprisonment. The court accepted the plea and, after a sentencing hearing, sentenced defendant to 50 years' imprisonment. Defendant did not file any postplea motions, nor did he file a direct appeal.

¶ 6        Defendant filed, as a self-represented litigant, a postconviction petition. Defendant argued that he received ineffective assistance of plea counsel due to counsel's failure to (1) file a motion to reduce his sentence when he was sentenced to the maximum under the sentencing cap, and (2) acknowledge defendant's psychiatric disorders and inability to assist in his own defense. The court advanced the petition for second-stage proceedings and appointed counsel. Postconviction

2

counsel filed an amended petition on defendant's behalf. Postconviction counsel advanced both of defendant's claims and, unaware that plea counsel had requested a fitness evaluation, argued that counsel was ineffective because he failed to investigate or raise an issue regarding defendant's mental health.

¶ 7 The State filed a motion to dismiss. It argued, among other things, that plea counsel was precluded from asking for reconsideration of defendant's sentence because of the plea agreement. Additionally, the State argued that defendant failed to sufficiently allege any fact known to plea counsel which would have compelled him to seek a fitness hearing and that was likely to result in defendant being found unfit.

¶ 8 On the day set for hearing on the State's motion to dismiss, the State notified postconviction counsel of an entry in the electronic record indicating a fitness hearing had been held. However, because no documents pertaining to that hearing were in the record, the parties sought a continuance to obtain records and transcripts. The court agreed.

¶ 9 Subsequently, postconviction counsel moved to withdraw, arguing that defendant's claims were frivolous. As to the claim regarding plea counsel's failure to raise defendant's mental health issues, counsel noted that he had obtained a letter and report from the two doctors who evaluated defendant and they both concluded that defendant was malingering. From this it necessarily followed that plea counsel's performance in not pursuing a fitness claim was objectively reasonable. As to the sentencing claim, postconviction counsel argued that defendant's sentence was within the negotiated range and thus could not be challenged. In response to his counsel's motion to withdraw, defendant sent a letter to the court stating that he had a severe mental illness and needed legal assistance.

¶ 10 The court held a hearing on postconviction counsel's motion to withdraw and the State's motion to dismiss the postconviction petition. Postconviction counsel's motion to withdraw proceeded first. Counsel argued that he moved to withdraw because the issues raised in the petition were without merit. The court gave defendant an opportunity to respond to postconviction counsel's argument, and defendant stated that he never spoke with his plea counsel. Further, defendant stated he needed postconviction counsel because he did not know the law and he was not in his right mind when he pled guilty.

¶ 11 Before ruling on postconviction counsel's motion to withdraw, the court turned to the State's motion to dismiss. The State argued that defendant's fitness claims were contradicted by the record and his fitness evaluations, and also that plea counsel could not contest his sentence which was entered in compliance with the plea agreement. The court gave defendant an opportunity to respond to the State's argument. Defendant stated that he felt "railroaded" and misled.

¶ 12 The court then granted the motion to withdraw "for the reasons stated" and the motion to dismiss "for the same reasons and additional reasons."

¶ 13 Defendant appealed, and this court entered an opinion reversing and remanding the matter because we determined that defendant's due process rights had been violated. *Triplett*, 2022 IL App (3d) 200017, ¶¶ 18, 20. Subsequently, our supreme court entered a supervisory order directing us to vacate our judgment and consider the effect of its opinion in *Pingelton*, 2022 IL 127680 "on the issue of whether any error in the second-stage dismissal of defendant's post-conviction petition was harmless." *People v. Triplett*, No. 128856 (Ill. Jan. 25, 2023) (supervisory order). Pursuant to that directive, we now vacate our earlier judgment (2022 IL App (3d) 200017) and consider whether any error in the dismissal of defendant's postconviction petition was harmless.

4

¶ 14                                            II. ANALYSIS

¶ 15        On appeal, defendant challenges the second-stage dismissal of his postconviction petition. Defendant argues the court violated his due process rights in hearing postconviction counsel's motion to withdraw at the same hearing it granted the State's motion to dismiss the petition.

¶ 16        The Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2018)) provides a process for a criminal defendant to assert that his conviction resulted from a substantial denial of his rights under the United States Constitution, the Illinois Constitution, or both. *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). At the second stage of proceedings, "the defendant bears the burden of making a substantial showing of a constitutional violation." *People v. Pendleton*, 223 Ill. 2d 458, 473 (2006).

¶ 17        In *Pingelton*, 2022 IL 127680, ¶ 10, the defendant filed, *pro se*, a postconviction petition that raised, in part, claims of ineffective assistance of trial and appellate counsel. The circuit court advanced the petition to the second stage and appointed counsel to represent the defendant. *Id.* The State filed a motion to dismiss the petition. *Id.* ¶ 11. Approximately two years after the State filed its motion, appointed counsel filed a motion to withdraw that argued the claims the defendant raised in his *pro se* petition were not supported as a matter of law and that the record revealed no other meritorious issues for postconviction proceedings. *Id.* ¶ 12. At a subsequent status hearing, the court first heard the State's motion to dismiss and then heard counsel's motion to withdraw. *Id.* ¶¶ 17-19. The court granted counsel's motion to withdraw and the State's motion to dismiss. *Id.* ¶ 20. On appeal, the defendant argued the court violated his right to procedural due process by granting the State's motion to dismiss without giving him notice of the motion and an opportunity to respond, and that the court erred in granting appointed counsel's motion to withdraw. *Id.* ¶ 22. The appellate court affirmed. *Id.* ¶¶ 23-25. The supreme court granted leave to appeal and

5

addressed the issue of "whether the circuit court committed reversible error by granting the State's motion to dismiss petitioner's postconviction petition." *Id.* ¶ 28.

¶ 18        The supreme court held that the circuit court had committed a procedural due process violation in dismissing the defendant's postconviction petition without providing him notice of and an opportunity to respond to the State's motion to dismiss. *Id.* ¶¶ 39-40. Due to counsel's motion to withdraw, the only party that addressed the motion to dismiss was the State, the moving party. *Id.* ¶ 40. However, the supreme court concluded that this procedural due process violation was amenable to a harmless error analysis and that the error was harmless because the defendant's underlying postconviction claims were meritless. *Id.* ¶¶ 46, 66.

¶ 19        In the instant case, like in *Pingelton*, defendant's appointed postconviction counsel moved to withdraw before the court ruled on the State's motion to dismiss the petition. Unlike *Pingelton*, the court first heard argument on counsel's motion to withdraw before hearing argument on the State's motion to dismiss the petition. The court also allowed defendant to make a *pro se* response to the State's motion to dismiss. However, while the court's procedure permitted defendant to make a response, it infringed on defendant's right to due process because at the time of his response, defendant was still represented by counsel who had moved to withdraw at the start of the hearing. Because the court did not grant counsel's motion to withdraw before proceeding with the State's motion to dismiss, defendant was forced to rely on his attorney's representation. See *People v. Patrick*, 406 Ill. App. 3d 548, 564 (2010) ("When a defendant is represented by counsel, he generally has no authority to file *pro se* motions, and the court should not consider them."). This was a due process violation where counsel, instead of opposing the State's motion to dismiss, essentially agreed with the State that defendant's petition was meritless in its motion to withdraw from the case. Therefore, like *Pingelton*, defendant suffered a due process violation.

6

¶ 20 However, as *Pingelton* instructs, we must next consider whether this due process violation was harmless. Defendant's petition argued that plea counsel rendered ineffective assistance of counsel by failing to (1) file a motion to reconsider sentence because his sentence was the maximum he could be sentenced to under the agreed sentencing cap, and (2) utilize defendant's psychiatric disorders to demonstrate his inability to assist in his own defense. "[T]o prevail on a claim of ineffective assistance of counsel, a defendant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) counsel's substandard representation so prejudiced the defense as to deny the defendant a fair trial." *People v. Horton*, 143 Ill. 2d 11, 23 (1991).

¶ 21 To the extent defendant's petition argued that plea counsel provided ineffective assistance by failing to file a motion to reconsider his sentence because it was the maximum he could be sentenced to under the agreed sentencing cap, we first observe defendant was not sentenced to the maximum. The agreed sentencing cap was 55 years' imprisonment and defendant received a sentence of 50 years' imprisonment. More significantly, however, because defendant's sentence was within the negotiated range, plea counsel could not move to reduce the sentence without seeking to withdraw defendant's plea. See *People v. Linder*, 186 Ill. 2d 67, 74 (1999) ("Where the sentence imposed is within the agreed upon cap *** allowing the defendant to seek reconsideration of his sentence without also moving to withdraw his guilty plea unfairly binds the State to the terms of the plea agreement while giving the defendant the opportunity to avoid or modify those terms."). Therefore, plea counsel's failure to challenge the sentence cannot be considered deficient performance.

¶ 22 As for defendant's postconviction argument that plea counsel provided ineffective assistance by failing to pursue his unfitness to assist in his own defense, this contention is belied

7

by the record. Plea counsel had two doctors evaluate defendant to determine whether he was fit to stand trial. Both doctors concluded they could not make an assessment of defendant's fitness due to his failure to meaningfully cooperate in the evaluation. Both doctors also concluded that defendant was malingering. Plea counsel's failure to pursue the matter further was not deficient performance where there is no indication that any further evaluations would have been different.

¶ 23　　　Based on the foregoing, we conclude that defendant's postconviction petition did not make a substantial showing of a constitutional deprivation as to any of its claims. Therefore, any due process error was harmless, and we affirm the circuit court's second-stage dismissal of defendant's postconviction petition.

¶ 24　　　　　　　　　　　　III. CONCLUSION

¶ 25　　　The judgment of the circuit court of Peoria County is affirmed.

¶ 26　　　Affirmed.